## BUKUP *vs.* VALENTINE & HEATH.

A landlord may distrain goods for rent due, at any time within six months after the determination of the lease, provided the goods remain upon the demised premises.

So for rent due he may distrain goods which have been removed from the demised premises at any time within thirty days after their removal : but not after that time.

Where the demised premises are specific apartments in a dwelling house, and the tenant removes to other apartments in the same house, taking with him his goods, the landlord cannot, for the purpose of making a distress for the rent of the first apartments follow the goods after six months subsequent to the determination of the lease of those apartments.

THIS was an action of *replevin*, tried at the New-York circuit in October, 1836, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The defendant Valentine demised to the plaintiff for a term which ended 1st May, 1835, the *lower* part of a house in Mulberry street, New York, consisting of all the lower story, the two front garret bed rooms, the front basement kitchen, with half the cellar and privilege in the yard. Valentine at the same time rented to one Merrit the *upper* part of the same house, consisting of all the second story, the back garret bed room, the back basement kitchen with

half of the cellar, &c. On the 1st May, 1835, Merritt left that part of the house which he had previously occupied, and the plaintiff, under a lease from Valentine for one year, removed into those apartments. At the same time, one Marshall became a tenant of Valentine of that part of the house which the plaintiff had previously occupied. On the 30th July, 1835, Valentine and Heath, the latter acting as the officer, distrained the plaintiff's goods in the apartments which he then occupied, for rent due on the first day of May of the premises which the plaintiff had occupied the previous year. The plaintiff brought replevin. The judge charged the jury that the landlord, under the statute, had the right in this case *to follow the goods for six months*, and was therefore entitled to a verdict. Verdict for defendants.

*W. Mulock*, for plaintiff.

*J. Greenwood*, for defendant.

*By the Court*, BRONSON, J. At the common law, the landlord could not distrain after the termination of the lease, nor after the goods had been removed from the land out of which the rent issued. A remedy was provided in both of these cases : first, by authorizing the landlord to distrain within six months after the tenancy ended, 1 R. L. 438, § 17 ; and second, by allowing him to distrain within thirty days after the removal of the goods, or after the rent became due and payable. 1 R. L. 437, § 13, and Statutes, sess. of 1820, p. 178, § 7. It was still holden that the landlord could not distrain after the end of the term and after the removal of the goods, although the distress was made within thirty days after the removal. *Terboss* v. *Williams*, 5 Cowen, 407. In the late revision of the laws, the authority to distrain after the end of the term was enlarged, so as to include cases where the goods had been removed from the demised premises. 2 R. S. 500, § 1. As I read the section, the landlord may distrain within six months after the determination of the lease, *upon any goods remaining on the demised premises*, in the same manner as if the tenancy had not ended ; and

he may also distrain *goods which have been removed,* " within the same time and under the same provisions and restrictions" as he might have done had the tenancy continued. The "time" within which goods removed may be distrained is prescribed by the 15th section—it is, in general, thirty days after the removal, or thirty days after the rent becomes due. The provisions and restrictions" are, that the distress must in all cases be made within six months after the removal of the goods, and the right of the landlord is subject to the claim of a *bona fide* purchaser. § 16. In the case at bar, the rent had been due and the goods had been removed more than thirty days when the distress was made, and the landlord consequently acted without authority.

The judge placed his decision on the ground that the landlord had the right to follow the goods ; but it is now said that the removal to another part of the same building was not a removal from the demised premises. I cannot yield to this argument. Both before and after the rent fell due, there were two tenants in the house, each having the exclusive enjoyment of a different part of the building. On the first of May the plaintiff gave up the rooms he had previously occupied, and removed into other apartments. He ceased to be a tenant of the rooms he had occupied in 1834, as fully as though he had removed into an adjoining building owned by the same or another landlord.

New trial granted.