Prosser v. Woodward.

---

## PROSSER & PETRIE *vs.* WOODWARD.

Where a defendant in *replevin* pleads *property in a third person,* traversing the plaintiff's right, a *replication* traversing the right of such third person, and setting up a *general property* in another, and a *special property* in the plaintiff, is *bad* in three particulars : 1. for not taking issue upon the defendant's traverse ; 2. for traversing matter of inducement ; and 3. if such matter could be replied, for alleging *the evidence* of title, instead of the legal effect of the evidence. The proper course for the plaintiff would have been to have accepted the issue tendered, and to have re-affirmed his title concluding to the country.

*It seems,* that in replevin, a plea of property in a third person, found for the defendant entitles him to a return, although he offers no proof connecting himself with the title of such third person. Such defence, however, is not allowed in *trespass* or *trover.*

Whether a declaration in replevin, merely alleging that the plaintiff was *entitled to the possession of the goods,* instead of charging the taking of *goods of the plaintiff,* is good, *quere.*

DEMURRER to replications. The plaintiffs declared in *replevin,* for that the defendant on, &c., at, &c., did unjust-

ly take and detain a canal boat, together with her apparel and furniture, *goods and chattels which the plaintiffs were then and there entitled to the possession of*, of great value, &c. The *third* plea of the defendant was *actio non*, &c., because the said goods and chattels, at the said time, when, &c., were the property of Heman Ward and Mahlen Kingsman jointly, *without this, that the plaintiffs had any lawful right to the possession thereof*, as by the declaration, is above supposed. Verification, &c. The plaintiffs *replied*, that the said goods and chattels, at the said time, when, &c., *were not the property of Heman Ward and Mahlen Kingsman jointly*, in manner and form as the defendant has in his third plea alleged ; and they averred, that *the said goods and chattels* at the said time, when, &c., *were the property of Heman Ward*, and that he, being the owner thereof, *did*, to wit, on, &c., at, &c., by a certain agreement in writing for a valuable consideration, *let and hire unto the plaintiffs the goods and chattels* in the declaration mentioned, for a term, &c. ; and that the plaintiffs *being in the lawful possession thereof, under and by virtue of the said agreement*, the defendant at the said time, when, &c., and before the term expired, did take and unjustly detain the same. Verification, and prayer of judgment. *Special demurrer* and *joinder*. The *fourth, fifth* and *sixth* pleas were substanially like the third, only alleging property in different individuals. To each of which there was a replication, demurrer and joinder, like those to the third plea.

*J. A. Spencer*, for the defendant.

*S. Stevens*, for the plaintiffs.

After argument, the following opinions were delivered :

By Mr. Justice BRONSON. The pleader who drew the declaration has not followed the precedents, and alleged that the defendant took certain goods and chattels *of the said plaintiffs* : but the allegation is, that the defendant took certain goods and chattels *which the plaintiffs were*

Prosser v. Woodward.

*then and there entitled to the possession of.* It does not necessarily follow from this averment that the action can be maintained. The plaintiffs may have been *entitled to the possession*, without being the general *owners* of the property ; and they may have been so entitled, although the *actual possession* was at the time in the defendant or a third person, and although such possession was *adverse* to the plaintiffs. The supposed taking may have been by finding, or by the delivery of a third person who had a special property in the goods. The declaration may be true, and yet the case may be such, that if replevin will lie in any form, it must be for *detaining*, not for *taking* the property. *Marshall* v. *Davis*, 1 Wendell, 109. *Randall* v. *Cook*, 17 id. 53. I doubt whether the declaration can be supported. But the point was not made on the argument, and need not now be decided.

If the declaration can be maintained, the plaintiff must still fail on the ground that the replication is vicious. The following rules laid down by Serjeant Williams, are abundantly supported by authority : 1. Whenever a material fact is alleged in any pleading, which, if denied, will, upon issue joined, decide the cause one way or the other, if the adverse party plead a matter inconsistent with and contrary to such allegation, he must traverse it. 2. Whenever such a traverse is taken, the other party is bound to it, and cannot waive it, and tender another traverse ; for the parties are not to go on *ad infinitum*. 1 Saund. 22, n. 2. See also 1 Chit. Pl. 593, 4, and cases cited. In replevin, the declaration alleges title in the plaintiff. This is a material fact, which, if issue be joined upon it, may decide the cause one way or the other. When the defendant pleads any matter inconsistent with that allegation, as property in himself or a stranger, he must conclude with a traverse of the plaintiff's title. The allegation of property in the defendant or a third person, is but inducement to the traverse. The point upon which the issue must be joined, and on which the jury must pass, is, whether the plaintiff has such a title to the property as will enable him to maintain the action. *Bemus* v. *Beekman*, 3 Wendell, 667. *Rogers* v. *Arnold*, 12 id. 3C. When the de-

fendant takes a traverse upon this material fact, the plaintiff is bound to it—he cannot waive it, and tender another traverse. Without such a rule the pleadings would run into endless prolixity. With a few very special exceptions, there cannot be a traverse after a traverse, when the first traverse is material and pertinent. 1 Saund. 22, n. 2. Com. Dig. Pleader, G. 17, 18. *Mayor of Oxford* v. *Richardson*, 4 T. R. 437. Although this judgment was reversed in the exchequer chamber, it was on a ground which left this point untouched. 2 H. Black. 182. 5 T. R. 367.

It is also a rule of pleading that matter of inducement cannot be traversed. Com. Dig. tit. Pleader, G. 14. *Lady Chichesley* v. *Thompson*, Cro. Car. 104.

In replevin, as well as in other actions, it must appear by the declaration that the plaintiff is the person injured. It would be idle to charge the defendant with taking the property without showing the plaintiff's right to maintain the action. In the case at bar, the pleader who drew the declaration, although he has not followed the precedents, has alleged *that the plaintiffs were entitled to the possession of the goods* which the defendant took. If this be a sufficient substitute for the usual averment of property in the plaintiffs, it was a material allegation, which the defendant was bound to traverse when he set up property in *Ward* and *Kingsman*. The defendant did traverse this allegation; and the plaintiffs in their replication should have accepted the issue thus tendered, by re-affirming their title to the possession of the property, and concluding to the country. But instead of doing so, they have first traversed the inducement to the plea, which was not traversable, and then shown how they were entitled to the possession of the property—concluding with a verification. In this way the parties may never arrive at an issue. It would be a good rejoinder to the replication, to repeat the plea over again; indeed, that is the only answer which the defendant could make. The defendant is entitled to judgment on the demurrers.

By Mr. Justice COWEN. The pleadings in this case are all anomalous, owing to the plaintiffs' mode of declaring.

Instead of alleging that the boat and furniture, &c., were the goods and chattels of the plaintiffs, according to the correct form, they chose to start specially by averring that they were entitled to the possession. This is therefore traversed by the defendant, after averring that property was in others. He is then met by the plaintiffs with replications denying that property was in others, and showing specially a bailment to themselves by the true owner, which entitled them to the possession. The formal language of such pleadings, as may be collected from Gilbert on Replevin, app. 235 to 278, Lond. ed. of 1794, would be first a complaint that the defendant took " the boat, &c. of them the said plaintiffs," &c. The defendant would then plead, that " the property of the boat, &c., aforesaid was in one H. W. &c., without that, that the property of the boat, &c., aforesaid was in the said plaintiffs as they by their declaration aforesaid suppose." The plaintiffs would then reply " that the property of the boat, &c. was in the said plaintiffs in manner and form as they by their declaration aforesaid have above thereof alleged," with issue to the country. The pleadings thus framed, with the proper additions as to time, place, &c. would cover all the matters which either party might be desirous to give in evidence, whether the *property* in question were general or special. The substance of the issue thus joined is whether the plaintiff had such a property as would maintain replevin, or whether the person named in the plea had such a property as would defeat it. That may be either general or special. The inquiry is, *where was the right of possession? Rogers* v. *Arnold*, 12 Wendell, 30, and the cases there cited. The pleadings in the case at bar, therefore are, though informal, all of them sufficient in substance. The pleas are good and would entitle the defendant to a return without connecting himself in title with the persons in whom he alleges an outstanding title to be. The contrary is put with a *semble* in the abstract by the reporter of *Rogers* v. *Arnold;* but all the court do in that case is to doubt the accuracy of the reason on which the cases go. They admit that property in a stranger, without more, is a good defence; and no book nor any case questions

it, even as to the common law action of replevin, which always went on a tortious taking. On the contrary, the books all assert it. Per Nelson, J. in *Rogers* v. *Arnold;* and see Wilk. on Replevin, 48. The point was expressly adjudged in *Butcher* v. *Porter*, 1 Salk. 94; in *Parker* v. *Mellor*, 1 Ld. Raym. 217; and laid down as settled law in *Harrison* v. *M'Intosh*, 1 Johns. R. 380, 384. With us the like defence would not be allowed in trespass or trover, without a privity of interest between the defendant and the third person. The want of analogy between the defence in these actions and replevin is noticed in *Rogers* v. *Arnold,* but even this analogy is not violated in replevin for a mere unlawful detention, as given 2 R. S. 430, § 1, 2d ed.

I have said the pleadings in question are all good in substance. It follows that the whole case turns on the mere form of the replications. The first objection is, that they take no issue upon the traverses of the plaintiffs' property, but only on the allegations of property in Ward and Kingsman *jointly*, showing the plaintiffs' right of possession specially, under a contract of bailment and delivery by Ward *alone*, the true owner. It is supposed that the third person in whom property is alleged may be entirely disregarded. I doubt *that* when the case comes to proof; but we have seen that an issue on the traverse would have been sufficient, according to the precedents, to negative the outstanding property as pleaded; and then *cui bono*, go farther to deny that property? The authorities will, I think, be found against the right. Walworth, C. in *Bemus* v. *Beekman*, 3 Wendell, 672. *Lady Chichesley* v. *Thompson*, Cro. Car. 104. At all events, the plaintiffs need not have gone farther than to deny it and re-assert their own property. They have chosen to pass over the traverse, and to reply specially the evidence of their property. The rule is, that in pleading you must state the legal effect, and not the particulars from which it results. If particulars be stated, the pleading is argumentative, and it is therefore bad on special demurrer. I think the replications are obnoxious to this objection. It is supposed that *Harrison* v. *M'Intosh* recognizes the plaintiffs' mode of replying; but substance, not form, was the question

in that case. The replication there failed to show any right in the plaintiff's bailor.

It is not necessary to inquire whether the replications should have concluded to the country or with a verification. Had they been right in form, or not objected to by special demurrer, the books seem to allow a conclusion either way. *Baynham* v. *Mathews*, 2 Str. 871, and cases there cited. *Hedges* v. *Sandon*, 2 T. R. 439, and cases there cited. And see Hopkins' arg. in *Harrison* v. *M'Intosh*, 1 Johns. R. 383, 4.

The plaintiffs should have taken issue on the traverse as in Gilbert. An issue on the right of third persons, which was mere inducement, though followed by replying the evidence of the plaintiffs' right of possession, is bad on special demurrer. See also the following cases : *Mayor, &c. of Orford* v. *Richardson*, 4 T. R. 437 ; 2 H. Black. 182, S. C. on error : *Thrale* v. *Bishop of London*, 1 id. 376. See also 1 Saund. 22, note 2.

The CHIEF JUSTICE concurred in the result of the preceding opinions.

Judgment for defendant.