## BUCKLEY el al. v. HANDY.

January 16, 1841.

*Rule to show cause why a new trial should not be granted.*

1. In replevin, the plea of *non cepit* controverts all the material allegations in the declaration, except that which affirms that the goods are the property of the plaintiff. It disputes the plaintiff's right to recover damages, while it admits his right to have the chattel, the declaration being in the *detinuit*.

2. Under the plea of *non cepit*, the defendant is not allowed to show that the goods taken were not the property of the plaintiff.

3. Under the plea of "property in the defendant," the defendant's proof is confined to evidence that the *general* and *absolute* property is in him. He will not, under such plea, be allowed to prove that he had advanced as a factor on the goods deposited with him, in order to establish a *special* property in them by way of lien.

4. Whether a defendant has waived a lien which he had on the goods for advances, is a question of fact for a jury. The mere fact that he declined giving information as to the amount of his advances to the party claiming the goods which were deposited by a third person, is not in law such a waiver.

THIS was replevin for a quantity of boiler iron. The declaration was in the *detinet* and *detinuit*. The defendant pleaded, " 1. *Non cepit*; 2. Property in defendant; 3. Property in Jennings and Craige; 4. That the goods were under execution at the suit of R. A. Parrish, and in the custody of the sheriff of the city and county of Philadelphia at the time; 5. Property in R. A. Parrish." To which the plaintiffs replied, " 1st. Plaintiff joins on plea of *non cepit*; 2d. Plaintiff denies property in defendant and tenders

38*

[Buckley et al. v. Handy.]

issue; 3d. Plaintiff denies property in Jennings and Craige and tenders issue; 4th. Plaintiff replies that the goods were not under execution at the suit of R. A. Parrish, and that they were not at the time in the custody of the sheriff of the city and county of Philadelphia; 5th. Plaintiff denies property in R. A. Parrish and tenders issue."

On the trial, plaintiffs proved that the iron in question had been manufactured by them, and consigned to Jennings and Craige for sale. That some time afterwards Jennings and Craige, without the knowledge of the plaintiff, obtained an advance of money from the defendant, and at the same time pledged this iron, with other iron belonging to other persons, as collateral security for the payment of the money so advanced.

The plaintiffs then read in evidence a letter from Samuel Hood, Esq. of which the following is a copy:

"No. 66 South Sixth Street, Nov. 1, 1839.

Mr. George Handy,

Sir,

We have ascertained that there is deposited with you, by Messrs. Jennings and Craige, and now in your possession, (stored in a house in Kunkle Street, owned by Robert A. Parrish,) twelve tons and upwards of boiler plate, flue, and other rolled iron, marked T. H. G. & Co. or B. & B.

This iron belongs to Messrs. T. H. Gardner & Co. and Messrs. Buckley & Brothers.

Please inform me when it will be convenient for you to deliver the said iron to Messrs. Gardner & Co. and Messrs. Buckley & Brothers; and in the mean time take notice of the above.

Respectfully, &c.

(Signed)    Samuel Hood,

For Messrs. T. H. Gardner & Co. and Messrs. Buckley & Brothers."

They also read another letter from Henry J. Williams, Esq. written on behalf of the defendant. The letter of Mr. Williams is as follows:

" Dear Sir,

I am desired by Mr. Handy to say, that he has no property in his possession in which, so far as he knows, Messrs. Gardner &

[Buckley et al. v. Handy.]

Co., or Messrs. Buckley & Brothers, have any interest or concern.

Yours truly,<br>
(Signed)    H. J. WILLIAMS.

S. Hood, Esq.

March 7, 1839."

A witness was then examined on the part of the plaintiffs, whose testimony, so far as it bears on the inquiry, reads thus on the notes of the judge before whom the trial took place: "I called on Mr. Handy last of February or first of March, to ascertain if he had any iron of the description, in consequence of being a friend of Gardner & Co. I had ascertained he had iron of them as well as of the Buckleys. I inquired if he had any iron of Gardner & Co. and of Buckley & Brothers, deposited by Jennings & Craige—hypothecated—I described the iron. He said he had no boiler, plate, or rolled iron of theirs, but had received other. I then told him I had heard he had such iron as I described: to which he made very little or no reply. He did not deny it. I then inquired where it was deposited. He said it was stored at Manyunk. He appeared out of humour; said he supposed I had come there to entrap him, and gave me very little satisfaction. On the 7th of March, 1839, I called with Mr. M. B. Buckley and Mr. Gardner, on Mr. Handy; and Mr. Buckley inquired if he had not the iron in his possession, and made a demand. Mr. Handy replied, ' I don't know any thing about it; you must call on my attorney, Mr. Williams.' Mr. Buckley then asked him what he had advanced. Mr. Handy refused to give any answer. *Mr. Buckley offered to pay at the time any advances on the iron if any had been made.* I never heard Mr. Handy make any claim or lien on that iron. *Mr. Buckley expressed himself willing to pay any lien.* The offer of Mr. Buckley was confined to his particular iron. Mr. Buckley claimed, I understood, no other. Mr. Buckley then said this particular iron was in Mr. Handy's possession unsold. It was so understood. Mr. Handy said the iron was stored at Manyunk, in answer to my question about Gardner's and Buckley's."

In the course of the *cross*-examination of the plaintiff's first witness, the defendant, *without objection,* proved the amount of the advance made by him to Jennings & Craige.

[Buckley et al. v. Handy.]

The judge charged the jury on several points, and reserved several for the consideration of the court. The verdict was for the defendant. The plaintiffs obtained a rule to show cause why a new trial should not be granted, and assigned the following reasons, which, with the opinions of the judges, explain the points raised on the argument.

" 1. That the learned judge erred in rejecting evidence of all facts and transactions relating to the iron in dispute, or the payment of advances on the same which occurred or were made after the 14th March, 1839, when this replevin issued.

2. That the learned judge erred in charging the jury that the denial of the defendant that he had the property in his possession, was not a waiver of his lien.

3. That the learned judge erred in charging the jury that the denial of the defendant that he had possession of the property, coupled with his neglect and refusal to disclose the fact of his claim of a lien for advances, was not a waiver of his lien.

4. That the learned judge erred in charging the jury that the neglect and refusal of the defendant to disclose his claim of a lien, and the amount of the same on application and demand made by plaintiffs, were not a waiver of his lien under the act of assembly relating to factors.

5. That the learned judge erred in charging the jury that the pleas of non cepit and property in defendant were sustained by evidence of a special property in defendant ; the said special property being a lien claimed under the act of assembly relating to factors for advances made on the property in question.

6. That the verdict is against the charge of the learned judge, and against the evidence in this :

(1.) That a general verdict for defendant was entered on all the pleas, notwithstanding the charge of the learned judge to the jury that they should find severally on each separate plea.

(2.) That the verdict is general in favour of defendant on all the pleas, notwithstanding the direction of the learned judge to the jury that they should find severally on each separate plea, and that as to all the pleas except non-cepit and property in defendant, there was no evidence."

*C. Gilpin* and *Meredith,* for rule.
*Williams,* contra.

[Buckley et al. v. Handy.]

The counsel cited *Ths. Co. Lit.* 412, 303, *b ; Co. Lit.* 283, *a ;*
1 *Chitty's Pl.* 141; 4 *Bing.* 112; *Act of Assembly of April* 14, 1834,
*s.* 5, *Purd.* 403; 2 *Saund. Pl. and Ev.* 641; 1 *Camp.* 410; 2 *Bing.*
23; 2 *Starkie* 272; 9 *E. C. L. R.* 302; 3 *E. C. L. R.* 342;
*Cowper* 62; 6 *Mod.* 158; 8 *Viner, Detinue D.* 5; Marsh. *v.* Tiers,
4 *Rawle* 273; *Paley* 218; 3 *Whar.* 398; 1 *Yeates* 197, Murray *v.*
Paisley; *Steph. on Pl.* 184; *Montagu on Lien* 120; 3 *Wend.* 667;
12 *ibid.* 30; 5 *Ad. and Ellis* 142, (31 *E. C. L. R.* 304,) Evans *v.*
Elliot; *Wilt on Replevin* 48; *Gilb. Rep.* 167; 8 *Went. Pl.* 17; 1
*Vent.* 249; 5 *Carr. and Payne* 560; 5 *Binn.* 399; 24 *E. C. L. R.*
379; *Sm. Merc. Law,* 341–2; 15 *Wend.* 478.

JONES, J.—Several reasons for a new trial have been urged in
this case, some of which are founded upon the form of the ver-
dict, and others upon the form of the pleadings, and the evidence
admissible under the pleadings, as well as upon the merits of the
case.

The defendant pleaded five pleas, viz. *non cepit;* property in
himself; property in Jennings & Craige; property in Robert A.
Parrish; and that the property was in the possession of the sheriff
under execution.

As to the last three of these pleas, the jury were told (in sub-
stance), that there was no evidence on the part of the defendant
to support them. They were also instructed that the defendant's
defence, if it could avail him at all, must avail him under the
pleas of *non cepit* and property in himself. This however was
not so much a matter of direction to the jury, as an intimation to
the counsel, and the observation was made with a reservation of
the question for the consideration of the whole court.

The jury were specially charged to inquire into the facts, con-
troverted between the parties, viz. whether the defendant had
notice, before the time of his advance to Jennings & Craige, that
they were not the actual owners of the merchandise in question,
and whether the defendant had not, according to the evidence in
the cause, waived his lien for his advances.

The question of law therefore is fairly brought up for deci-
sion. I shall in the first place notice the questions raised upon
the pleadings.

The authorities are clear that the plea of *non cepit* controverts
all the material averments in the declaration, excepting that

which affirms that the goods mentioned are the goods of the plaintiffs. The terms of this plea are sufficiently broad to comprehend the question of property, and according to the analogy of the actions of trespass and detinue, it would seem, that the defendant should be allowed to show under this plea that the goods taken were not the goods of the plaintiffs. But the authorities are otherwise. The point disputed by this plea (of *non cepit*), is the plaintiff's right to recover damages, while his right to retain the chattel (where the declaration is in the *detinuit*), is admitted.

The only plea therefore which remains to be considered, is the plea of property in the defendant.

The import of this plea is that the general and absolute property of the chattels in question belongs to the defendant. It is therefore inconsistent with the pleas of property in Jennings & Craige, and in Robert A. Parrish; and this consideration is a sufficient answer to the argument that the jury may have found the plea of property in Jennings & Craige in favour of the defendant, contrary to the charge of the court, and also found the plea of property in the defendant in his favour, on the ground that he derived a special property from Jennings & Craige, by the hypothecation which they made of the goods to him.

But assuming this plea to be of the import stated, the question arises whether evidence of the defendant's special property in the goods, by way of pledge, is good evidence to support the issue on his part.

The plea of property in the defendant is properly a plea in bar of the action, because it tends to show that the plaintiff has no right to have the chattel replevied restored to him, which is the principal object of the suit.

It is inconsistent with the allegation in the count or declaration which affirms that the chattel is the plaintiff's property. A formal traverse however should be added, because without it the plea would deny the plaintiff's property only by way of inference or argument. 1 *Saund.* 22; 1 *Levintz* 192; 2 *Keble* 94, 105; 5 *Com. Dig.* 109. But the traverse need not be, in form, a special traverse, as is proved by the precedents. 3 *Wentw. Pl.* 17; 3 *Chitty Pl.*; *Hern's Pleader* 4; 1 *Brown Ent.* 310; 1 *Mod. Ent.* 300; 1 *Comyn's Rep.* 247.

Yet in either form the plea is essentially a traverse, as nothing can be replied to it except (at most), the reiteration of the plain-

tiff's averment of property in himself.   And it may (and unless the traverse be in form of a special traverse it should), conclude to the country.

Such then being the nature of the plea, this plaintiff is bound to maintain the issue on his part by evidence in support of the allegation traversed, but it is not necessary for him, in order to avoid a wrongful caption to give evidence, that the absolute property of the chattel belongs to him, because in this action, as well as in trover, a prior possession is evidence enough of a right of property against all others but the right owner, so that in case of an unlawful caption, if the defendant admits that he has no property in himself, but pleads property in a stranger, he cannot have the return of the goods against the prior possessor, who has replevied them.   *Comberb.* 477, Barret *v.* Scremshaw.   See also, Marsh *v.* Pier, 4 *Rawle* 282.

The plaintiff however must give such evidence of property as carries with it the right of immediate possession, because the primary object of the action is to have the chattel restored to him, and the plea of property in the defendant is in bar of the plaintiff's claim to have the chattel restored.

Besides, the plaintiff must have been possessed of the chattels at the time of the injury committed, or if not actually possessed, he must have had either the absolute or a special property in the goods, and be entitled to the immediate possession of them, otherwise they could not have been taken as the writ supposes.   *Quare cepit averia et ea injusti detinit.*   And the plaintiff's right to possession must continue to the time of the judgment pronounced, otherwise he will not be entitled to the restoration of the goods in question.

The defendant does not indeed plead formally to the plaintiff's right of possession, but the plea of property in the defendant, as it operates as a traverse of the plaintiff's right of property in the chattels, virtually puts in issue the plaintiff's right of immediate possession, so far at least as to make it incumbent on him to show such a right of property as carries with it *prima facie*, the right of immediate possession.

Such, then, being the exigency imposed upon the plaintiff by the traverse of his right of property in the chattels, the issue must be found against him, where he gives no evidence, or the evidence

[Buckley et al. v. Handy.]

which he gives is insufficient to justify the jury in finding the property to be his.

As therefore the defendant is not bound to give any evidence except where the plaintiff makes out a *prima facie* case, it follows that the evidence which he is allowed to give under this issue, must be such as tends either directly or by way of necessary inference, to rebut or contradict the evidence given by the plaintiff to maintain the issue on his part.

In other words, the defendant is allowed to prove the matters alleged by way of inducement to the traverse of the plaintiff's right of property, not because it is of the substance of the issue, but because such proof would be the foundation of an inference that the property was not the property of the plaintiff.

If the defendant be a tort feasor, the plaintiff may prove his prior possession and the wrongful caption, and rest his case upon such evidence. But, in such a case, where the defendant pleads property in himself, the plaintiff takes the risk upon himself, that the matters alleged in the inducement of the plea cannot be proved: for, if we suppose that sufficient evidence be given of property in the defendant, it would effectually rebut the evidence on the part of the plaintiff, which would be received as sufficient against a tort feasor, in support of the averment, which alleges the property of the chattels to belong to the plaintiff.

Certainly, therefore, it would not be consistent with the issue, to allow the defendant to give evidence on his part which is in confession and avoidance of the plaintiff's evidence.

If the matters alleged in the inducement of the traverse be in confession and avoidance of the averment traversed, the plea would be repugnant and demurrable, 1 *Saund. Rep.* 22; (2) *5th paragraph; Steph. on Pl.* 209. This consideration is decisive of the question of evidence.

The question, then, is, whether the evidence of the hypothecation of the goods of the plaintiff by J. and C. to the defendant for advances, is in confession and avoidance of the averment of the property in the plaintiffs?

Undoubtedly it is: for such evidence asserts a right to detain the goods by reason of the pledge, while it admits that but for the pledge the plaintiff would have a right to possess the property again.

On this ground, then, I conceive that the defendant cannot,

[Buckley et al. v. Handy.]

according to the principles of pleading and evidence, show such special matters to maintain the issue on his part. If important to his defence, they should be specially pleaded. See 1 *Sch. & Lefroy* 320, 327.

The language of the charge, therefore, was faulty in precision: for the matters given in evidence by way of defence did not tend to support the issue on the part of the defendant.

But no prejudice was done to the plaintiffs by the remark alluded to, as the questions were reserved, and the jury directed to inquire about the facts in dispute.

The conclusion to which I have come upon this question is at variance with the case of Murray *v.* Paisley, in 1 *Yeates* 197, and this has been the chief cause of embarrassment upon this part of the case. Perhaps it would be our duty to defer to its authority if the decision of the motion depended on this question. In opposition to Murray *v.* Paisley is the opinion of Chancellor Redesdale, in Exparte Chamberlin and Shannon *v.* Shannon, 1 *Sch. & Lefroy* 220, 227. I rely, however, more upon the principles of pleading and evidence, which seem to me very conclusive of the question.

But, on another ground, I think the verdict of the jury upon this issue should be for the defendant; namely, this: that, upon the plaintiff's own showing, he had not the right to the possession of the goods in question.

If we strike out of the case all the defendant's testimony, and all the testimony of the plaintiff's witnesses on their cross-examination by the defendant, it will appear, that while the general property in the iron belonged to the plaintiffs, yet they had conveyed it to Jennings and Craige, as their factors, to sell, and that J. and C. had hypothecated it to the defendant for advances, which did not appear to have been repaid.

Looking, then, to the evidence which the plaintiffs themselves introduced to maintain the issue upon their part, it is impossible not to see that they had no such right of property in the iron as, under the facts which they themselves put in evidence, gave them the right to the immediate possession of it. They must fail, therefore, upon this issue, upon their own evidence, and not on the ground of the evidence which the defendant relied on to maintain the issue upon his part.

If the plaintiffs could have proved simply the fact of their

[Buckley et al. v. Handy.]

ownership of the iron which they had replevied, so as to cast on the defendant the burthen of proving the consignment of it to Jennings and Craige, and the hypothecation of it to him by the latter, the evidence could not (upon the principles stated) have been received in contradiction of the *prima facie* case thus made by the plaintiff; but he must have used it in confession and avoidance of the plaintiff's right thus shown, and of course would have needed a plea appropriate to these matters.

As to the question, whether the defendant had not waived his lien for advances—

The jury were told, that the mere denial of the defendant, that he had any of the property of the plaintiffs in his possession, so far as he knew, would not amount to a waiver.

They were told, also, that the mere refusal of the defendant to make known the amount of his advances on the demand of the plaintiffs, would not amount to a waiver.

But if the plaintiffs had demanded the iron of the defendant, and he had claimed the right to retain it, not as deposited in pledge, but on some other and distinct ground, the defendant could not set up his lien afterwards.

This direction appears to me to be right; and I do not see any thing in the evidence which required further direction, or which could amount to a waiver of lien, or which should stop the defendant from setting up this defence.

He did, indeed, refuse to give information to the plaintiffs, but he said nothing which either misled the plaintiffs as to the nature of his claim, or which dispensed them from the obligation to tender him the amount of his advances, or the negotiable security.

Upon the whole case, then, I think the judgment should be entered on the verdict.

STROUD, J. concurred in refusing a new trial, and said, in the main, his views corresponded with those expressed by Judge Jones. He adverted particularly to the pleadings in the cause, saying they were, unfortunately, not only in the brief form so common with us, but were substantially defective. He instanced, particularly, the several pleas of property in the defendant and in others: thus, the second plea is simply " *property in the defendant,*" without a traverse of property in the plaintiff, as alleged in

[Buckley et al. v. Handy.]

the declaration. For want of this traverse, he remarked, the plea was quite defective. So, the replication, instead of traversing as it does the *defendant's* property (which, being matter of inducement, cannot be traversed, *Stephens* on *Pleadings*, 230,) should have merely re-asserted the plaintiff's own property. For the true issue in all pleas of property in this action had respect *to the property in the plaintiff*; and when the defendant intended to deny this, it should be done by special plea or formal traverse. He referred to Bemus *v.* Beekman, 3 *Wend.* 671; Rogers *v.* Arnold, 12 *Wend.* 34, 35; Prosser *v.* Woodward, 21 *Wend.* 205.

With respect to the question on the *waiver* of his lien by the defendant, he referred to Jones *v.* Cliff, 5 *C. & P.* 560, and Everett *v.* Saltus, 15 *Wend.* 474, and remarked that this question ought, properly, to have been left to the jury with a strong intimation against the defendant. But as by the report of the judge who tried the cause, the plaintiff's counsel had treated it as a *question of law*, and had *so put it* to the judge, he was not disposed to disturb the verdict.

PETTIT, *Pres.* concurred.

Rule discharged.