By the Court, Cowen, J.
It has been long settled, and
never questioned, that in replevin, the plea of property in a third person is good, and entitles the defendant to have return thereof, without his connecting himself with the right of such person, or making avowry. (27 Henry 8, 21, pl. 11. Butcher v. Porter, 1 Salk. 94. Parker v. Mellor, 1 Ld. Raym. 217. Carth. 398, S. C. Harrison v. M’Intosh, 1 John. R. 380, 384. Prosser v. Woodward, *354 21 Wend. 209, 210.) The reason for it is thus given in Salkeld ; “ Whether the property be in a defendant or a stranger, the defendant ought to have a return, because he had the possession, which was illegally taken from him by'the replevin.” The case also decides, that there need not be an avowry for a return. The same case is reported in Carth. 243, and 1 Show. 400, both agreeing in their reasons with Salkeld. They differ only, in Salkeld saying that the plea was in abatement; the others say it was in bar; but the court appear, in each report, to have agreed it might be either. The form of the plea, which was property in a third person, is set out in Shower; and the pleas of the defendants, in the case at bar, will be found an exact translation of it, mutatis mutandis. Both the form and the rules thus laid down, have ever since been followed. One important general distinction was this, as stated by Carthew, after saying there need be no avowry: “ The difference is, where the plea goes to the very point of the writ, as here, and where it is only collateral matter, as prist in auter lieu, for there a suggestion must be made in nature of an avowry, pro retorn, habend., because the plea itself doth not contain any matter for a return; for though it may be true, yet the taking may be tortious.” The same distinction is laid down, in more general terms, by Salkeld, and may be collected from Shower. To these cases may be added, Salkold v. Skelton, (Cro. Jac. 519; 2 Roll. R. 64, S. C.;) Wildman v. North, (2 Lev. 92; 1 Vent. 249, S. C.;) Presgrove v. Saunders, (6 Mod. 81; 2 Ld. Raym. 984, S.C.;) Cross v. Bilson, (2 id. 1016, 1020, 1022.) See also Gilb. Replev. 212, Lond. ed. of 1794, and Wilkins. Replev. 48.
Judgment for defendants.