By the Court, Cowen, J.
Saying the tenant Griswold continued in possession as tenant to the defendant till distress made, is in substance an averment that Griswold held over till that time. It is no answer to say that the first demise was for a year by deed, and that specific demise and the specific tenancy under the deed were at an end when the distress was made. This is in no way incompatible with the continuing tenancy by a holding over. The pleas merely aver a termination of the tenancy by deed, leaving the fact unanswered that the implied tenancy and possession as averred by the avowries continued down to the time mentioned. Such continuance was sufficient to warrant the distress. The first tenancy need not be continued by deed. It is enough that it be continued by parol or by tacit consent. This was held substantially in Sherwood v. Phillifs, (13 Wend. 479.) The avowry and cognizance there, *550 were on an original demise of two years, averring that, in virtue thereof, the tenancy continued for nine years, and avowing and acknowledging a distress for all the rent accruing in the course of one entire term of nine years. The averment was, that the premises were tenanted for the nine years by virtue of the original demise ; and this was held to make out a good case for the defendant. True, it did not appear whether the original lease was by seal or not. But for the. purpose of raising the right of distress, and continuing the term with a view to that right, it is the same thing. Holding over after the expiration of a sealed lease is a continuation of the same tenancy, and an enlargement of the same term. The avowry or cognizance need not state whether the demise was under seal or not. And though it appear to have been so by the plea or by evidence on the trial, and that the holding over was by express or tacit consent without seal, the legal effect is the same, for the purposes of distress, as if there had been an express enlargement by specialty. The occupation for so long, at such a rent, is the substance of the issue, whether under an extension by deed, or a continuation of the original tenancy under a modified form of contract.
It follows, that in order to defeat the case made out by the avowries, the pleas should have shown generally that the relation of landlord and tenant between the defendant and Gris-wold ceased more than six months prior to the time when the right of distress was exercised. (2 R. S. 412, 2d ed. § 1 ; Bukup v. Valentine) 19 Wend. 554.) On the contrary, the pleas virtually admit that both tenancy and possession continued down to the time of the distress. The first pleas to the first and second avowries respectively are therefore bad.
The second avowry admits that the sheep when distrained were off the demised premises, and bases the right to distrain them on what it considers two material facts •, viz. that the sheep belonged to Griswold, and that he had fraudulently removed them to prevent the distress. The plea denies both; and is therefore demurred to for duplicity. The avowry *551 sets up matter of justification, not matter of excuse; and, under the general rule, perhaps only one of the facts, if each were essential, could be denied by the plea. (Tubbs v. Caswell, 8 Wend. Rep. 129.) It is said that this rule does not apply where the defence rests on two facts, and the denial of either would be insufficient. That here, a denial of the fraud alone would admit tit! e in Griswold, and so out of the plaintiffs. That it would not be sufficient, therefore, to traverse that alone; but the plea must, to be available, also deny Griswold’s property. There may be something in this ; but it strikes me that the whole allegation of fraud is entirely immaterial, and not to be regarded as amounting to any thing. The avowry is framed just as if Griswold were the plaintiff, and if so, the fraud might be material; but he is not. As against Webber & Cody, it was enough for the avowry to show property out of them, which I think it does by averring that it was in Griswold ; not formally, for want of a traverse that it was the plaintiff’s, but sufficiently in substance. (See Prosser v. Woodward, 21 Wend. 205 ; Ingraham v. Hammond, 1 Hill, 353.) It need not have stated any demise, or that Griswold had fraudulently removed the property; and in denying the fraud, it follows, that the plea has denied nothing beyond the fact that the property was in Griswold. In form, it should have done more, and re-affirmed property in the plaintiffs as alleged in the declaration ; but the defect is not in this respect specially assigned. The rule that a plea in replevin, or a replication in any other action shall not be double, cannot apply where one of the two facts denied is mere surplusage. In short, the line of pleading on the fourth count which terminates in the third plea to the second avowry is sufficient, in substance, to raise an issue on the question whether the property belonged to the plaintiffs when it was distrained, or whether it belonged to Griswold; and that alone is the true question. If the defendant had intended to make the fraud material, he should have given color, by showing that the plaintiffs were in possession of the property when it was distrained. (Brown v. Artcher, 1 Hill, 266.) It *552 follows, on this view of the case, that the demurrer to the third plea to the second avowry is not well taken.
There must he judgment for the defendant on the demurrer to the first plea to the first avowry; also on the demurrer to the first, plea to the second avowry.
On the demurrer to the third plea to the second avowry, there must be judgment for the plaintiffs.
Ordered accordingly.