### PATTISON and others *vs.* ADAMS, Sheriff.

A declaration in replevin for taking goods, avering that the "plaintiffs were the owners" of the goods and chattels in suit, "and entitled to the possession thereof," is good. The last clause may be regarded as surplusage.

In replevin the defendant may plead property in himself; or in a stranger, or in any one or more persons, other than the plaintiffs. And where defendant pleaded that the goods in suit were the property of two of several plaintiffs and of B., and plaintiffs replied that said goods had been put into a company composed of said two plaintiffs and B. and converted into stock, that the scrip of the company represented such property and was transferable so that the transferee became possessed of the title to and interest in the transfered property of the company and also a member of the company, that B. transfered to the plaintiffs herein, or some of them, all of the stock owned by him in said company, and that the goods in suit are part of the goods so transfered; *held*, that the replication was bad, both in form and substance.

Defendant pleaded further that the plaintiffs were not the owners and entitled to the possession of said goods, but that one B. was the owner and defendants entitled to the possession thereof. Plaintiffs replied that B. had transfered his title to, and right to the possession of said goods to the plaintiffs, or some of them, and that plaintiffs were the owners and entitled to the possession thereof. There was a rejoinder that plaintiffs were not the owners and entitled to the possession of said goods, to which plaintiffs demurred. *Held*, that the demurrer was not well taken. The plea was informal, but the rejoinder raised a material issue.

DEMURRERS. The action was replevin on the *cepit*, and the declaration contained one count It is for taking and unjustly detaining one stage or post coach, &c., "*goods and chattels of which the said plaintiffs were the owners and entitled to the possession thereof.*"

Several of the pleas terminate in issues of fact, but the 2d, 5th and 6th end in issues of law.

Second plea. That the plaintiffs were not the owners of said goods, but they were the goods of Elias Pattison, James

H. Hooker and Isaac V. Baker (Pattison and Hooker being two of the plaintiffs, but Baker not being one), and not of the plaintiffs, as is supposed. Verification, praying a return, &c. Replication. That said goods, with other goods, heretofore, &c., owned and possessed jointly by said Pattison, Hooker and Baker, all of which goods, they, before that time, put into a company or association, composed of said persons, called, &c., and made stock of said goods, and divided the same into shares, and of which stock or property, scrip was made the representation or evidence of title, and one third of which said property or stock was owned by each of said three persons, composing said association, and which scrip was transferable by assignment and the purchaser or assignee became possessed of the title to and interest in the property of the association, corresponding with the amount of stock or scrip transfered to him, and also became a member of said association and a partner in business ; and that heretofore, to wit, &c., the said Baker sold, transfered and assigned to the plaintiffs in this suit, or some of them, all the stock owned by him in said company or association, together with his right to the possession and control of said property ; that the goods in suit are part of said goods, so transfered and assigned by Baker. Verification. Demurrer for special causes. Joinder.

Fifth plea. Plaintiffs were not the owners of said goods nor entitled to the possession thereof, but one Isaac V. Baker was the owner thereof, and the defendant was entitled to the possession thereof. Verification, praying return. Replication. That heretofore, &c., Baker sold, assigned and transfered his title to said goods and his right to the possession thereof to the plaintiffs, or some of them ; and that the plaintiffs at the time, &c., were the owners of and entitled to the possession of said goods. Verification. Rejoinder. That the plaintiffs, at, &c., were not the owners of and entitled to the possesion of said goods. Conclusion to the country. Demurrer to the rejoinder for special causes. Joinder.

Sixth plea. Plaintiffs were not the owners of said goods and entitled to the possession thereof, but one Isaac V. Ba-

ker was the ' owner, and the defendant was entitled to the possession. Verification, praying a return. Replication. That heretofore, &c., said Baker, in good faith and for a valuable consideration, sold, transfered and assigned to the plaintiffs or some of them, his title to said goods and to the possession thereof; and the defendant at the time when, &c., was not entitled to the possession of said goods, but the said plaintiffs at the said time, when, &c., were the owners of and entitled to the possession of said goods. Verification. Rejoinder. The plaintiffs were not the owners of nor entitled to the possession of said goods—issue to the country. Demurrer to the rejoinder, for special causes. Joinder.

*By the Court*, BEARDSLEY, J. This declaration is not in the usual form, but, I think, may be sustained. It alleges that the " plaintiffs were the owners " of the goods and chattels in suit, " and entitled to the possession thereof." The last clause is idle and nugatory; it adds nothing to the right or title of the plaintiffs, and is to be overlooked as surplusage. If the plaintiffs were, as they allege, *owners* of the chattels, the law implies that they were " entitled to the possession thereof." The allegation of *ownership* is equivalent to an assertion of *property* in the goods, and is therefore sufficient. (See *Pattison* v. *Adams*, 7 Hill, 126.)

The *second* plea sets up property in these goods in two of the plaintiffs and one Baker, a stranger to the suit. It is informal in its statements, but good in substance, for if the property was in these three persons, the thirty-five plaintiffs who brought this suit had no right of action. In replevin the defendant may plead property in himself, or in a stranger, or in any one or more persons, other than the plaintiff. (*Ingraham* v. *Hammond*, 1 Hill, 353; *Prosser* v. *Woodward*, 21 Wend. 205, 9; 3 Chit. Plead., 7th Amer. ed., 1044; Wilk. on Rep., 47, 8; *Hart* v. *Fitzgerald*, 2 Mass., 509; Com. Dig., *Pleader*, 3, K. 11, 12.) This plea was therefore a good bar to the action.

The replication to this plea is not a statement of facts, but of evidence; of evidence too, which, in addition to being irrelevant and idle, is nearly senseless. The contest

Pattison and others v. Adams.

here is about goods and chattels, tangible property; and not about such things transformed into stock and scrip. The law is certainly progressive, but it has not yet reached the point of effecting such a metamorphosis of horses, post coaches and canal boats; while existing in these forms, call them what we may, they are material and substantial property, title to which, if transfered at all, must be conveyed in some way known to and authorized by the law. But passing by this effort to change, not only the names but the nature of these things, and overlooking all matters of form, this replication lacks substance. It admits that two of the plaintiffs and Baker once ownedthe property, as is set up in the plea, and the utmost that seems to have been intended by the residue of the replication is, that Baker sold and conveyed all his right and title to the plaintiffs or some of them. To whom, in particular, this transfer was made, is not stated; nor is it alleged to have been done before this cause of action arose. Indeed, the replication does not show that it was, even before suit brought; it may have been the day before the replication was put in, as well as at any other time, so far as respects this pleading. The replication is, therefore, fatally defective in substance as well as in form. (See *Pattison* v. *Adams,* 7 Hill, 126.)

The *fifth* is an informal plea of property in Baker, alleging that the defendant was entitled to the possession, but with a direct denial of the ownership of the plaintiffs. The replication sets up a sale and transfer of Baker's right and title to the plaintiffs or some of them, but concludes by affirming that the plaintiffs at the time when, &c., were the owners of and entitled to the possession of said goods and chattels, upon which issue is taken by the rejoinder. To this the plaintiffs demur, alleging various special causes.

This plea contains an allegation of a superfluous fact, to wit, that the defendant was entitled to the possession of said property; and the replication, although it alleges a sale and transfer by Baker of all his right and title to the plaintiffs or some of them, does not show when that was done, or that it preceded the commencement of the suit. These statements may be disregarded. The substantial part

of the replication is that the. plaintiffs were owners of the goods and chattels; that is, they had the general or a special property therein.· But this is denied by the rejoinder, and the issue is material, for replevin can only be sustained on such a right of property. (See *Pattison* v. *Adams.*) The rejoinder is good·and the demurrer to it is not well taken.

The *sixth* plea is in substance like the fifth, and results in a similar issue.

On the three issues of law the defendant is entitled to judgment, with leave to amend on the usual terms.