By the Court.*—Monell, J.
The objections of the complaint in this case are, that it does not. allege Ownership of the property by the plaintiff, or a demand and refusal before suit.
*106 The latter allegation is not necessary, where the detention is alleged to be wrongful. In that case a demand and refusal must be proved as evidence of a wrongful detention, but need not be averred.
It is otherwise with the allegation of ownership, or what is its equivalent, a right to the possession of the property. Ownership, or a right to the possession of the property claimed, must be averred as well as proved. Such is the text of the elementary writers (Grah. Pr., 2 ed., 897; 2 Burr. Pr., 2 ed., 13), and the books of precedents conform to the text writers (see also Prosser v. Woodward, 21 Wend., 205).
The affidavit which the Code requires, to obtain a delivery of personal property, must contain an averment that the plaintiff is the owner, or is lawfully entitled to the possession of the property; and it seems to me a complaint would be insufficient without a similar ' averment. It was contended by the appellant’s counsel that the allegation “detains from the plaintiff f was sufficient as a pleading,, and would let in proof of ownership. It might, perhaps, be implied from such an averment, that it was the plaintiff’s property, as otherwise it could not be wrongfully detained from him. But facts so essential should not be left for implication; and it would form a bad precedent to allow such loose pleadings to pass.
The plaintiff could have brought another action, or, perhaps, have obtained leave to amend his complaint.
The omission of it was fatal, as it stood, and the judgment dismissing it must be affirmed.
Jones, J., concurred.
Judgment affirmed.

 Present, Monell, Ch. J., and Jones and Spencer, JJ.