Without hearing the counsel for the defendant, the opinion of the Court was afterwards delivered by
Parsons, C. J.
When a contract is made with two or more persons, and one only sues, the defendant may have the advantage of it on the general issue, without pleading it, a fortiori, [*511 J *if it appears from the plaintiff’s own showing that the contract was made with himself and others not named, nor any legal reason assigned for not naming them ; because it appears that no such contract was made with the plaintiff as he has declared on. (a) But if there are several part owners of a chattel, and an injury be done it, regularly all the part owners ought to join in an action to recover damages for that injury. In this case, although an injury be done to each part owner, yet they ought to join, to prevent the defendant from being harassed by a multiplicity of suits. As the rule is established for the defendant’s benefit, he may waive this benefit, by not taking the exception in abatement; and he cannot take advantage of the irregularity under the general *459 issue, (a) So, if it appear from the plaintiff’s own showing that he s but a part owner, the defendant must take the exception in abatement; because the plaintiff should have an opportunity to show that the defendant has settled with another part owner, and discharged him from all interest in the gravamen; or that he had suffered any other part owner severally to sue and recover his part of the damages — in either of which cases the plaintiff’s writ shall not abate.
Replevin is an action founded on the general or special property of the plaintiff, and it is settled that, when a chattel is illegally taken and detained, all the part owners must join in replevin; and it is a good plea in abatement, that the property is in the plain tiff and another.
In this action, this irregularity is not pleaded in abatement or in bar, but it appears from the plaintiff’s own showing in the writ, in which he claims an undivided moiety of the chattels said to be unjustly taken and detained ; and it is a question whether the defendant can take advantage of this defect thus appearing, or whether he must have pleaded it in abatement. If there is an analogy in the principles of law regulating the forms of actions for injuries to chattels, and of actions of replevin, it would seem, from the case of Addison vs. Overend, (1) that the defendant should have pleaded, in abatement, that there * was [ *512 ] another part owner not named, in order to have the advantage of the omission. But is there such an analogy ?
In trespass or case for an injury done to a chattel, each part owner in fact is injured, and the damages, if not severed by the form of the action, must be divided among the plaintiffs after recovery. In these actions, also, there are cases in which one part owner may legally sue alone, without joining his partners.
In replevin which is founded on property, the chattel is to be delivered to the plaintiff, as well as damages to be recovered. This chattel is not capable in law of severance, and the whole or none of it caii be delivered to the plaintiff; and if it be delivered to the plaintiff, being but a part owner, he must receive an undivided part in which he claims no property. In replevin, also, we do not recollect any case in which a part owner can sue for his undivided part only. If property in him and another be pleaded in abatement, such plea cannot be confessed and avoided by any matter which the plaintiff can reply to it.
These are very strong distinctions between the principles applying *460 to actions of trespass and of the case for an injury done to chattels, in which damages only are demanded, and actions of replevin, in which the property said to be unjustly taken and detained is to be delivered to the plaintiff. We therefore think that the general rule of law must govern, that, when a substantial defect in the writ appears on the record, the Court ought, ex officio, to abate it. (a)

Judgment arrested.

After judgment was arrested, the defendant moved for costs, which was objected to by the plaintiff because, by the English cases, the defendant was not entitled to costs upon arresting judgment. The plaintiff also referred to the case of Broten vs. Austin, in error. (2)

Curia.

No costs, are given at common law ; they are considered in the nature of penalties, and the English statutes giving them are construed strictly. By those statutes the plaintiff does not pay costs when his writ is abated on plea, or when [*513] * judgment is arrested. Neither does the plaintiff recover costs, if he obtains judgment in a popular action, not being the party grieved. Nor do executors or administrators pay costs, if judgment be against them in actions sued in right of the testator or intestate. There are many other cases, in which the party prevailing has not costs, which in all cases depend upon the construction of the several English statutes.
In this state costs have always been given the defendant, when by his plea the plaintiff’s writ is abated ; and when a writ is abated because, in a transitory action, it is sued in a county where neither party lives, double costs are given by our statute (3) to the defendant.
And no reason can be given why costs are given to the defendant, where the writ is abated on his plea, and that no costs should be given him when the writ on the face of it is bad, so that it is abated by the Court ex officio, or judgment is arrested for its insufficiency. (b) As we always give costs to the defendant when judgment is given for him on his demurrer to the plaintiff’s declaration, he ought, for the same reason, to have costs if the judgment be arrested for a substantial defect in the declaration.
Mellen and Kidder for the plaintiff.
Rice for the defendant.
We also give costs for or against the plaintiff in popular actions, when he is not a party grieved — also against executors and administrators, when judgment is against them ; and in many other cases where no costs are allowed pursuant to the English statutes.
By our statute, (sect. 9,) the party prevailing in all cases within the jurisdiction of the Court is entitled to costs, and no distinction is made as to the form or manner in which he shall prevail. And the endorser of the plaintiff’s writ may, on the avoidance or inability of the plaintiff, be holden to pay the defendant the costs he shall recover, when the plaintiff shall not support his action. (4)
*In the present case the plaintiff has not supported [ *514 1 his action, but the defendant has prevailed, and is entitled to costs.

 Baker vs. Jewell, 6 Mass. Rep. 460. — Converse vs. Symmes, 10 Mass. Rep. 377. — Thomson & Al. vs. Haskins & Al. 11 Mass. Rep. 419__Eastman & Al. vs. Wright & Al. 6 Pick. 316 —Holliday vs. Doggett & Al. 8 Pick. 359.

 Patten & Al. vs. Gurney & Al. 17 Mass. Rep. 182.

 6 Term R. 766.

а) Portland Bank vs. Stubbs, 6 Mass. Rep. 422.—Gardner vs. Dutch, 9 Mass. Rep 427. — Page vs. Weeks, 13 Mass. Rep. 199.— Ladd vs. Billings, 15 Mass. Rep. 15. — Sed vide De Wolf vs. Harris, 4 Mass. Rep. 515.

 1 Mass. Term R. 219.

 Passed October 30, 1784, § 13.

 Vide Thomas vs. White, 12 Mass. Rep. 370. — Haines vs. Corliss, 4 Mass. Rep 659.— Clark vs. Rockwell & Al. 15 Mass. Rep. 221.— Williams vs. Blunts ante, 207.

 Passed October 30, 1784, § 11.