WRIGHT *vs.* BENNETT.

The principle that in actions *ex delicto* the omission of a party who ought to join as a co-plaintiff, can only be objected to by plea in abatement, or upon the trial in mitigation of damages, applies to the action of replevin.

If a party has a general or special property in goods, either alone or in connection with others, he can maintain the action of replevin in the detinet against a stranger. And the mere fact that the plaintiff owns the property with others, and not alone, is no *bar* to the action, either under the plea of *non detinet* or when it is specially pleaded; although it would be proper matter for a plea in abatement.

If the defendant, in an action of replevin brought by one of several joint owners, can connect himself with the title through any of the owners, he may avail himself of the rights which he has thus acquired, in bar of the action. But as a stranger, he will not be permitted, by a technical defence, to defeat the claim of a person entitled to the possession of the property, as against him.

Wright *v.* Bennett.

DEMURRER to plea. The action was replevin in the detinet. Plea in bar, that the property was the property of the plaintiff and two other persons, naming them, with a formal traverse of the property of the plaintiff. Demurrer and joinder.

*D. D. Hillis*, for the plaintiff.

*G. F. Comstock*, for the defendant.

*By the Court*, ALLEN, J. The principle that in actions *ex delicto* the omission of a party who ought to join as a co-plaintiff, can only be objected to by plea in abatement or upon the trial in mitigation of damages, is well settled. Whether this principle applies to the common law action of replevin, is left in doubt by the authorities. The action was at first a means of trying the title to chattels, and while a possessory right was sufficient to maintain an action of trespass or case, it was not sufficient to maintain replevin. (*Templeman* v. *Case*, K. B. T. T. 1711. 10 *Mod.* 25. *Bacon's Abr. Replevin, A.* 527.) The pleadings and proceedings in this action in cases in which it could have been maintained at common law for the tortious taking of chattels, have been to a great extent regulated and very much simplified by statute. And in this state the action has been extended to cases in which before the adoption of the revised statutes detinue and trover were the only reme- dies. The action of detinue was abolished, and the action of replevin substituted in its place in all cases; and the latter action was substituted for the action of trover, in most cases, at the option of the plaintiff. (2 *R. S.* 522, § 1. *Id.* 553, § 15.) In substituting this action for trover and detinue, the legislature have saved to the parties all the rights which they would have had under the latter actions, and instead of subjecting the pro- ceedings in such substituted action of replevin, to the technical; and in some cases inappropriate, rules of pleading and evidence peculiar to the common law form of that action, they adopted the rules of pleading and evidence in the actions for which this new form of replevin was given; adopting more particularly

Wright *v.* Bennett.

the rules applicable to the action of detinue. Thus, by § 36 of the act, (2 *R. S.* 528,) they have provided a form of declaration entirely unlike a declaration in the common law action, and as the revisers in their note to the section say, "necessary to carry out the principles of the action as extended by §§ 1, 6 and 19. The declaration in the first case mentioned in the section is adopted from the action of detinue." And by § 40 of the same act, it is provided that "when the action is founded on the wrongful detention of the goods, and the original taking is not complained of, the plea of the general issue shall be that the defendant does not detain the goods and chattels specified in the declaration, or any part thereof, in manner and form as therein alleged; and such plea shall put in issue not only the detention of such goods and chattels, but also the property of the plaintiff therein." The revisers, in their notes to this section (3 *R. S.* 3*d ed.* 770) say, "conformable to the practice in the action of detinue." The whole act recognizes the two forms of the action of replevin as distinct, and as governed by different rules. And there is no reason for this difference in the form and effect of the pleadings after the declaration, except for the purpose of incorporating bodily into the action, when brought instead of the actions of detinue or trover, all the rules of pleading and proceedings of these actions, so far as they were applicable. The actions of replevin and detinue are brought for the same purpose; that is, to recover the specific article, or its value by way of damages for its conversion, and the pleadings in both actions should be the same. The fact that in the one action the plaintiff may obtain the possession of the chattel in dispute at the commencement of the litigation, upon giving security to return it, if return shall be adjudged, does not affect the principles of the action. The judgment, in both actions, is substantially the same. This distinction between the two classes of the action of replevin, and the different rules by which each is governed, is recognized by Justice Cowen in *Prosser* v. *Woodward,* (21 *Wend.* 210.) The pleadings in this case must, therefore, be tested by the rules which would have been applicable in the action of detinue or trover.

For although the plea of non-detinet in the action of detinue, the substituted action of replevin, is not as comprehensive as the plea of not guilty in the action of trover; in every other respect the pleadings and evidence in the two actions are substantially the same. In trover, the plea of the defendants in this cause, as a plea in bar, would be clearly bad as containing matter only proper for a plea in abatement. Comyns, in specifying the proper cases for a plea in abatement, says that in detinue for chartes tenants in common should join. (*Com. Dig. Abatement, E.* 10, (2.) *Id. E.* 12, (22.)) Previous to the rules of pleading adopted by the English courts, Hil. T. 4 W. 4, the plea of non-detinet put in issue as well the plaintiff's property in the goods as the detention thereof by the defendant. These rules provided that that plea should only operate as a denial of the detention of the goods by the defendant, and left the defendant to plead specially title out of the plaintiff. But the effect of the denial is the same whether interposed by the one plea or the other; the issue being the same. In *Phillips* v. *Brown*, (9 *Bing.* 106,) the principles which govern the action of trover were applied to the action of detinue. In *Broadbent* v. *Ledward*, (11 *Ad. & Ellis*, 209,) the court of queen's bench held that in an action of detinue the defendant could only take advantage of the omission to join other persons as plaintiffs who were co-tenants with the plaintiff in the property for which the action was brought, by plea in abatement. Lord Denman, C. J. says: "It is always unpleasant to defeat justice by adherence to technical and arbitrary rules. In suing upon contracts the rule has certainly been that all the contracting parties must be joined as co-plaintiffs, and advantage may be taken of the non-joinder without a plea in abatement; but as no express authority has been shown for the application of this rule to the action of detinue, we shall decide against the defendant. If any inconvenient consequence arises to the defendant from detaining the property of joint owners, it might have been avoided by giving it up to any one of them." Patterson, J. says: "The rule as to the consequence of the non-joinder of parties as plaintiffs in actions founded upon contract is not sat-

Wright *v.* Bennett.

isfactory in principle, and ought not to be extended." The other judges concurred. The plaintiff, as one of the joint owners of the property, is entitled to the possession, as against a stranger, in which position the defendant stands, as he does not connect himself with the title of the other owners who have been omitted as plaintiffs, and there is great propriety in holding him to his plea in abatement if he desires to avail himself of that omission. We think that if the plaintiff has a general or special property in the chattel, either solely or in connection with others, (and that he has such property is admitted by the plea,) he can maintain this action against a stranger, and that the bare fact that he, with others and not alone, owns the property, is no *bar* to this statutory and substituted action of replevin, either under the plea of non-detinet or when specially pleaded; although it would be proper matter for a plea in abatement. If this was a common law action of replevin, and governed by the rules applicable to that form of the action, we still think the plea not a good plea in bar, and that the matters stated are only available to the defendant by plea in abatement. There is certainly nothing in the nature of the action to distinguish it from any other action of tort. If the defendant can connect himself with the title through any of the owners, he can avail himself of the rights which he has thus acquired in bar of the action; but as a stranger, there is no good reason why he should be permitted, by a technical defence, to defeat the claim of a person entitled to the possession of the property as against him. The property has been taken from him by a person lawfully entitled to it, and he cannot be made liable to the other joint owners. Or if the property has not been actually replevied and delivered to the plaintiff, and the action is prosecuted to recover the value, the ownership of the others can be given in evidence in mitigation of damages. And we do not think that this rule will conflict with the principles which govern the action. In *Kent* v. *Fitzgerald*, (2 *Mass. Rep.* 509,) the judgment was arrested, not because one of several joint owners of a chattel had brought replevin for it without joining the other owners, but because he had brought the ac-

Wright v. Bennett.

tion for his aliquot share or proportion of an article indivisible. in its nature, and of which there could be no delivery. A plea of property in a stranger is a good plea in abatement or in bar in replevin, and entitles the party to a return without avowry, for the possession was illegally taken from him by the replevin. (*Per Kent, Ch. J. in Harrison* v. *McIntosh,* 1 *John. Rep.* 380, citing 2 *Lev.* 92 ; 1 *Salk.* 9 ; *and approved and adopted in Ingraham* v. *Hammond,* 1 *Hill,* 353.) Nelson, J. in *Rogers* v. *Arnold,* (12 *Wend.* 34,) referring to the treatise of Baron Gilbert on the Law of Replevin, says : " Property in the defendant is a good bar, because it avoids the injustice of *the caption, which is the gist of the action,* by showing *he had a right to take it ;* and this not only abates the suit of the plaintiff, whereby deliverance was made to him, but destroys *all his right to the property.* Substantially the same reasons are given for the plea of property in a stranger, though it has been well said elsewhere, that this plea is not founded upon very accurate reasoning. For the plaintiff being in possession of the goods at the time of the caption which is admitted by the plea, it is difficult to see how the defendant shows a right to the return of the property taken on the replevin by proving a title to it in a stranger." Chancellor Walworth, in *Bemus* v. *Beekman,* (3 *Wend.* 672,) says that the allegation of property in the defendant is an inducement to the traverse of the plaintiff's right of property, and is but a substitute for an avowry to obtain a return of the property. The reasons for sustaining a plea of property in a stranger, without an avowry, as a good plea in bar of the action, are not applicable to the plea of property in the plaintiff and some third person. It is not within the reason assigned by Kent, Ch. J. in *Harrison* v. *McIntosh ;* for it does not show that the possession was illegally taken from the defendant by the replevin. The plaintiff, as against him, was entitled to the possession of the property. It is not within the reason assigned by Baron Gilbert, and cited and approved by Nelson, J. in *Rogers* v. *Arnold,* as it does not avoid the injustice of the caption from the plaintiff or destroy all his right to the property. The caption is equally tortious, when committed

Wright *v.* Bennett.

by a stranger, whether the possessor is the sole owner of the property or the owner in common with others; and as said before, he has the right of possession, and the right to the property as against the defendant, and this fact is admitted by the plea. And the allegations afford no reason for a return of the property to the defendant within the reason assigned by Chancellor Walworth in *Bemus* v. *Beekman.* No right is shown in the defendant as against the plaintiff, to entitle him to a return of the property. But this very point has been decided by Justice Story in the first circuit of the United States, in *D' Wolf* v. *Harris,* (4 *Mason,* 515.) It was held in that case that replevin will not lie by one part owner, but the objection can only be taken by a plea in abatement when he sues for the whole. If he sues for a moiety, the court will ex officio abate the writ. The latter clause is in accordance with the principle decided in *Hart* v. *Fitzgerald,* (2 *Mass. Rep.* 509.) Coke says: "And so in a replevin, it is a good plea to say that the property is to the plaintiff and to a stranger." (*Co. Litt.* 145, *b.* 3 *Thomas' Coke,* 340.) And in Bacon's Abridgment the same rule is laid down, citing Coke, *ut supra,* and the American annotator has cited, to the same proposition, 2 *Mass. Rep.* 509, which we have seen does not support the proposition. Selwyn, in his Nisi Prius, (2*d vol.* 911,) referring to Coke as his authority, says: "The defendant may plead property in himself, in bar of the action, and this plea may conclude with a prayer for a return, and damages. So property in a stranger may be pleaded in bar, and the conclusion of this plea, praying a return, is good. So it is a good plea to say that the property is to the plaintiff and a stranger, and when there are two plaintiffs, that the property is to one of them." But these authors do not assert that the plea of property in the plaintiff and a stranger is a good plea *in bar;* and from the different phraseology employed by Selwyn in speaking of the different pleas it is fair to infer that he did not mean to assert that it was a proper plea *in bar.* But it is said that the issue to be joined-is upon the property of the plaintiff; and that the averment of property in the defendant or a stranger, or the plaintiff and a stranger, is but

Wright v. Bennett.

mere inducement to the traverse of the right of the plaintiff. This is true; but the inducement is in the nature of an avowry, to show the defendant's right to a return of the property, and must be sufficient to sustain the traverse, and must set up a title inconsistent with the right of the plaintiff. The allegations of property in the defendant, or a third person, tend to disprove title in the plaintiff, and are good and valid defences for that reason. And either of these allegations, with the allegation in the declaration, of property in the plaintiff, constitute two affirmative propositions, each inconsistent with the other. But as two affirmatives cannot make an issue, the property of the plaintiff first distinctly alleged must be traversed in the plea. But this by no means follows the allegation of property in the plaintiff and a stranger, without connecting the defendant with the title of the stranger. In *Rogers* v. *Arnold*, (12 *Wend.* 30,) the defendant proved an interest in the property in one of the defendants, from which it followed that the plaintiff, as against him, could not maintain the action; and because one defendant was entitled to a return of the property, the court held the action was barred as to all the defendants. This is the only principle decided in that case. Justice Cowen, in *Prosser* v. *Woodward*, (21 *Wend.* 210,) doubts whether the title set up as inducement to the traverse can be disregarded when the case comes to proof; intimating that it is a material part of the plea to be proved to entitle the defendant to insist upon his traverse. And if so, it follows that the inducement should at least show that the plaintiff has no better right to the possession of the property than the defendant. A traverse must be introduced with a proper title or inducement; and if the defendant, in his inducement, show a defective title, the inducement is bad. (*Com. Dig. Pleader*, *G.* 20.) The inducement in this case shows no title out of the plaintiff as to a part of the property claimed, and will not support a traverse of all interest of the plaintiff in the property. We think the plea would be bad as a plea in bar to the common law action of replevin. Again; upon the authority of a dictum in *Prosser* v. *Woodward*, as we believe upon principle, we might hold that in an action of

replevin in the detinet, a plea of property in a stranger, without connecting the defendant with the title, would be bad. Cowen, J. says, in speaking of this defence, "with us the like defence would not be allowed in trespass or trover without a privity of interest between the defendant and the third person." The want of analogy between the defence in these actions and replevin is noticed in *Rogers* v: *Arnold*. But even this analogy is not violated in replevin for a mere unlawful detention. (2 *R. S.* 430, § 1, *2d ed.*) But it is unnecessary to consider this proposition.

There must be judgment for the plaintiff on the demurrer, with leave to defendant to amend on payment of costs.