SAMUEL MORLEY & others *vs.* FRANKLIN FRENCH.

Where an agreement was made and executed by and between certain persons named therein, of the first part, and the several members of a volunteer company of militia, (of which the parties of the first part were also members,) who should sign the same, of the second part; by which, after reciting that the parties of the first part had purchased uniforms and equipments for the company, those parties agreed to sell the same to the parties of the second part, at the cost price thereof and interest, and the several parties of the second part, each for himself, agreed to buy such uniforms and equipments, and to pay for them by annual instalments of the money severally receivable by them for the performance of military duty; and by which it was further agreed, that, until such payment, the several uniforms and equipments should be and remain the property of the parties of the first part: —in an action of trover, for a set of uniform and equipments, by the surviving

parties of the first part (two of them having died before the commencement of the action) against one of the parties of the second part, who was not also one of the parties of the first part, it was held, that, as between the parties to the suit, the agreement was not void, or incapable of being enforced, on the ground that the parties of the first part were also parties of the second part.

In an action of trover for a chattel, owned in common by several proprietors and the administrators of other proprietors deceased, the nonjoinder of the latter is no bar to the action, but can only be taken advantage of by plea in abatement.

An agreement to sell a uniform and equipments to a private in a volunteer company of militia, to be used by him, and to be paid for by the annual allowance made by law to such private for the performance of military duty, with a stipulation that until such payment the uniform and equipments shall be and remain the property of the party by whom they are so furnished, is not in contravention of the Rev. Sts. *c.* 12, § 42.

THIS was an action of trover for the value of a uniform, and was tried before *Mellen,* J., in the court of common pleas.

The plaintiffs, in order to establish their title to the property, introduced in evidence a written agreement entered into on the 26th of October, 1844, in which the plaintiffs, together with two other persons, who died before the commencement of the action, were named as parties of the first part, and the several members of the Templeton Cadets, who should thereafter sign the same, as parties of the second part.

This agreement, in the first place, recites that the parties both of the first and second parts had formed themselves into an independent company of infantry, under the name above mentioned, and that the parties of the first part had purchased the necessary uniforms and equipments for the company, amounting in all to sixty-three sets, at certain prices stated in the agreement.

The parties of the first part then agree with the parties of the second part, severally, to sell to each of them a set of uniform and equipments, at the cost price, and interest thereon.

The parties of the second part then agree severally with the parties of the first part, that each of them will purchase of the latter one set of uniform and equipments, at the cost price thereof, and interest thereon from the 14th of September, 1844; the payment therefor to be made by annual instalments of whatever the parties of the second part should be entitled

to receive by law for the performance of military duty; for which purpose, the parties of the second part assign all their interest in the sums to which they may be entitled for such services, and authorize the parties of the first part, or either of them, to receive the same as their attorneys, until the cost and interest for the uniforms and equipments should be fully paid.

The parties, lastly, agree that the uniforms and equipments should be and remain the property of the parties of the first part, and subject to their order and control, until they should receive payment therefor in full.

The plaintiffs gave evidence of a demand of the uniform by them, and a refusal to deliver the same by the defendant.

The defendant contended that the action could not be maintained : 1. Because the plaintiffs, who were the parties of the first part, were also parties of the second part ; 2. On account of the nonjoinder of the legal representatives of the two parties of the first part, who died before the commencement of the action ; and, 3. Because the agreement, so far as it operated to vest the property of the uniforms in the plaintiffs, was in contravention of the Rev. Sts. *c.* 12, $\S$ 42, and therefore void.

But the presiding judge ruled otherwise, and a verdict being thereupon rendered for the plaintiffs, the defendant alleged exceptions.

*F. H. Dewey*, for the defendant.

*G. H. Whitney*, for the plaintiffs.

WILDE, J. In this case, the court are very clearly of the opinion, that the exceptions taken by the defendant's counsel cannot be sustained.

The action was trover for the conversion of a uniform, furnished by the plaintiffs and two other persons deceased to the defendant, he being a soldier in an independent uniformed company of the militia. It appears that this, and the other uniforms for the company, were purchased by the plaintiffs, and it was agreed by the defendant and the other members of the company, that the uniforms should be and remain

the property of the plaintiffs and two other persons deceased. and subject to their order and control, until they should receive payment therefor in full. It was objected, that this contract was void, or could not be enforced, because the parties of the first part were also parties of the second part, or some of them; but the defendant was not one of the parties of the first part, and he severally promised them to pay for his uniform. It was therefore a valid contract. But if it were not, the uniform he agreed to purchase of the parties of the first part was their property, and so was to remain until they were paid therefor.

But it has been argued, that the plaintiffs are not entitled to the possession or control of the uniform in question, by reason of the 42d section of the Rev. Sts. *c.* 12, which provides that every officer, non-commissioned officer and private shall hold his uniform, arms, ammunition and accoutrements, required by law, free from all suits, distresses, executions or sales for debt or payment of taxes. But this section manifestly does not apply to any of the said articles, unless they are the property of the officer or private.

As to the objection of the nonjoinder of the administrators of the two joint owners deceased, that should have been pleaded in abatement, and is not a bar to the action. 1 Chit. on P. 487; *Hart* v. *Fitzgerald,* 2 Mass. 509, 511. In actions on joint contracts, the rule is different.

*Exceptions overruled.*