## SYLVESTER GARVIN v. HIRAM PAUL.

A sheriff, upon a demand against one partner for his private debt, cannot seize the goods of the partnership, and exclude the other partners from the possession.

The action of replevin is an appropriate remedy to recover the property taken by the officer. It is made so by express statute. In actions in form *ex-delicto*, non-joinder of a plaintiff can only be taken advantage of by plea in abatement, or by way of apportionment of the damages at the trial.

If the plea in abatement had been interposed, it would then have been in the discretion of the court under our statute to allow another plaintiff to be joined.

REPLEVIN for one hundred thousand staves. The plea was: The said Hiram Paul comes and defends, &c., when, &c., and avows the taking of the property set forth in the plaintiff's writ, and justly, because, he says, that he, the said Paul, at the time and place of taking said property, as alleged in the plaintiff's writ, was a deputy sheriff for said county, duly qualified to act as such, and had in possession a writ of attachment in favor of F. & F. Rice & Co., against one John A. Garvin, returnable at the Supreme Judicial Court for said county of Carroll, October Term, A. D. 1863. That said John A. Garvin was part owner of said property in co-partnership with the said Sylvester Garvin; and that at the time of said attachment, said property was in possession of said John and Sylvester; that by virtue of said writ of attachment, he then and there took said property to satisfy the claim of the said F. & F. Rice & Co., against the said John A. Garvin, and made return of said property on said writ of attachment to the said court so holden at said Ossipee, and 'this he is ready to verify. Wherefore he prays judgment and his damages by reason of the wrongful replevying and delivery of the said property to the plaintiff, to be adjudged to him.

To this plea the plaintiff demurred, and the questions raised by the demurrer are reserved.

The parties agree to the following statement of facts for the purpose only of raising questions of law; if those questions should not be raised by the demurrer, neither party to be prejudiced by this agreed statement at any future trial.

The defendant, a deputy sheriff, attached the staves on a writ in suit, F. & F. Rice & Co., v. John A. Garvin.

The defendant's return on said writ was: "I attached one hundred thousand staves, the property of the within named John A. Garvin, or all his right, title and interest in said staves."

Defendant took possession of the staves, and retained possession till they were taken by the officer serving the writ of replevin in this suit. At the time of the attachment, the staves were the partnership property of the plaintiff Sylvester Garvin, and said John A. Garvin, and were in their possession, the partners' interest in the partnership property being equal.

When the questions raised by this case are decided, the case is to be discharged.

Ordered, that said questions arising in this case be reserved.

*Jeremiah Smith,* for defendant.

I.   One partner cannot alone maintain replevin for partnership property.   Morris on Replevin, 72.

Plaintiff in replevin must show a right to the *exclusive* possession and control of the property.   2 Greenl. Ev. sec. 561.   "And so in a replevin it is a good plea to say that the property is to the plaintiff and to a stranger."   Co. Litt. 145 *b*.   It is not enough that the partner has an undivided interest in the whole property.   To sustain replevin a plaintiff must be the sole owner of some specific property.   *Scudder* v. *Worster,* 11 Cush. 573, Dewey, J., p. 581; *Low* v. *Martin,* 18 Illinois 286.   The right of the firm to the possession of the partnership property is an *entire* right, and does not exist so exclusively in any one partner as to entitle him to bring replevin.   The cases on which plaintiff relies seem decisive on this point.   For, if one partner has not such a property in the partnership goods as to enable the sheriff to take the goods on attachment against him, how can he be said to have such a right to the sole and exclusive possession as will entitle him to bring replevin?

*Hyde* v. *Noble,* 13 N. H. 494, cited by plaintiff, is not in point..   It was an action of trover, and the decision, that a part owner who has the sole possession, and complete control, of lumber, has a property in it "sufficient for the purpose of this action," does not affect the case at bar. The nature of the two actions of trover and replevin is widely different; see authorities cited under second point.   Besides, it appears that this plaintiff had only a joint possession with his co-partner.

It is unnecessary to consider whether *the actual sale* by due process of law, on execution against one partner, of that partner's interest in the firm, gives the other partners a right to the exclusive possession of the firm property.   That question cannot arise in this case.   Here there has been no *sale,* only a preliminary proceeding, an attempt to create a contingent or conditional lien by attachment.   And, if plaintiff is correct in assuming that the attaching officer had no right to remove the property from the possession of the firm, certainly his seizure of the goods, *being illegal,* cannot operate as a severance of the interest of the partners in the property, nor give plaintiff an exclusive right to the goods thus taken.   If the officer's act was unauthorized by his precept it stands on the same ground as the tort of any wrong doer, and cannot give the plaintiff a right which he did not have before.

II.   The defence that plaintiff cannot alone maintain replevin, need not be pleaded in abatement.   *Reinheimer* v. *Hemingway,* 35 Penn. State, 432; *Cox* v. *Morrow,* 14 Arkansas 603; *Ellis, Administrator of Prichard* v. *Culver,* 2 Harrington 122; *Hart* v. *Fitzgerald,* 2 Mass. 509; Pearson, J., in *Cain* v. *Wright,* 5 Jones' Law (North Carolina) 282, p. 284.

In trespass or trover where damages are sought, and not the recovery of the possession of a specific thing, it is held that non-joinder of co-plaintiff must be pleaded in abatement, but, if not so pleaded, the ob-

jection may be taken at the trial by way of apportionment of damages, and plaintiff will recover only such damages as are commensurate with his interest in the property injured. "But this rule,   ＊  ＊  ＊  ＊  ＊ which is predicated on the power of the jury to do justice by apportioning the damages according to the interest of the party, does not hold in this action of replevin, for *possession* of the chattel and not damages is the *primary* object of the action." Black, J., in *Ellis, Administrator*, v. *Culver, ubi sup.*, p. 131.

Replevin is a proceeding *in rem*. It is founded on property. The chattel claimed is to be delivered to plaintiff before any pleadings can be filed by defendant. "This chattel is not capable in law of severance; and the whole or none of it can be delivered to the plaintiff;" and if it be delivered to a plaintiff being but a part owner he must receive an undivided part, in which he has no property. See Parsons, C. J., in *Hart* v. *Fitzgerald ubi sup.*, p. 512. The damages sought in trespass are divisible, but the specific chattel recovered in replevin is not divisible; so the plaintiff "cannot recover his aliquot part, and if allowed to recover at all, must get the whole, which would be more than he is entitled to." Pearson, J., in *Cain* v. *Wright, ubi sup.*

There are other "very strong distinctions between the principles applying" to actions to recover damages for injuries to chattels, and replevin. Several part owners may each at the same time bring trespass or trover, and, if there be no plea in abatement, each may recover several damages commensurate with his interest in the chattel. But if several part owners each bring replevin and the writs are placed in the sheriff's hands at the same time, how is the property to be replevied? To which of them should the sheriff deliver it? "He cannot divide it, for his functions are ministerial merely, and not judicial."

We contend that if the proof, which supports the objection arising from non-joinder goes in *denial or disproof of the declaration*, or of any material allegation in it, it need not be pleaded in abatement. See Gould on Pleading, sec. 106. One of the most material allegations in a replevin writ is, that the property replevied belongs to plaintiff. Proof that the property belongs to plaintiff and another is in denial of the gist of the plaintiff's action, viz., exclusive right to possession; and it is inconsistent with a material part of the declaration. Therefore, by the general principles of pleading, this objection may be taken by plea in bar.

Two cases may perhaps be cited for plaintiff on this point. *D' Wolf* v. *Harris*, 4 Mason 515, is merely a *nisi prius* ruling, and Story, J., expressly admits, p. 539, that if plaintiff "sues for a moiety only in his writ the court will *ex officio* abate it." In that case, too, there was no plea of property in the plaintiff and a stranger, and the court alluded to the fact that the defence of non-joinder "is not proper evidence under either of the pleas filed by the defendant."

*Wright* v. *Bennett*, 3 Barbour 451, was decided under the statutes of New York, whereby replevin has been substituted for detinue in all cases, and for trover, in most cases, at the option of the plaintiff. The court said "the pleadings in this case must, therefore, be tested by the

rules which would have been applicable in the action of detinue or tro-ver;" (Allen, J., p. 453.) The decision that the plea of non-joinder "is no bar to this statutory and substituted action of replevin," (Allen, J., p. 455,) really disposes of the case, and the subsequent remarks as to pleadings in a common law action of replevin are mere *dicta*.

The assertion of the court, (p. 455,) that "there is certainly nothing in the nature of the action to distinguish it from any other action of tort," is hardly sustained by authority; and the decisions in detinue on which they place some stress, are opposed to several American authorities. See *Cain* v. *Wright*, 5 Jones' Law, N. C. 282; *Bell* v. *Hogan*, 1 Stewart (Ala.) 526; *Miller* v. *Eastman*, 11 Ala. 609.

*F. Hobbs*, for plaintiff.

1. The plaintiff sues for the whole, the objection for non-joinder must be by plea in abatement. *De Wolf* v. *Harris*, 4 Mason 515.

2. In replevin, the question is simply as to the right of present possession, and not of necessity one of general ownership. *McCoy* v. *Cadle*, 4 Iowa 557; *Warner* v. *Matthews*, 18 Ill. 83; *Shaddow* v. *Knott*, 2 Swan (Tenn.) 358; *Bebe* v. *DeBaum*, 3 Eng. 310; and especially as against a defendant alone; *Bogard* v. *Jones*, 9 Humph. 739; *Bradley* v. *Michael*, 1 Smith 346. In Illinois the jury may find part of the property in the plaintiff and part in the defendant. *O'Keafe* v. *Kellogg*, 15 Ill.

In Pennsylvania, replevin is not an action *in rem* altogether, but against defendant in person with a summons to appear. *Bower* v. *Tallman*, 5 Watts & Serg. 556. Absolute possession, coupled with absolute right of possession, except as against a third party other than the defendant, when there is no privity existing between such third party and the defendant, will enable a plaintiff to maintain replevin. *Johnson* v. *Carmley*, 10 N. Y. (6 Selden) 570. As against wrong doers and trespassers a paramount right of property is not requisite to maintain replevin, but naked possession, or a right of possession combined, with a beneficial interest will do. *Freshwater* v. *Nichols*, 7 Jones' Law (N. C.) 251.

3. In actions *ex delicto*, and not for breach of contract, the objection of non-joinder can be taken only by plea in abatement. The defendant cannot as in actions *ex contractu* have non-suit on evidence of non-joinder, nor demur, nor move for arrest of judgment, *nor plead in bar*, even though the non-joinder appear in plaintiff's declaration or other pleadings. 1 Chitty's Pleading 57; Starkie on Ev. 1065; 2 Saund. Plead. & Ev. 576, 536; 1 Saund. Plead. & Ev. 291; 5 Term Rep. 651; 1 B. & P. 75; 1 B. & P. 123; 5 East. 407; 5 East. 420.

*Hart* v. *Fitzgerald*, 2 Mass. cited by defendant, and commented on in Chitty 57, (note 2,) is not in point. That case turns on the fact that *judgment*, as the law then stood in Massachusetts, would have been rendered for the chattel as well as for damages. But in this State judgment in replevin is not for the return of chattels, but for its value, if

rendered for defendant; for caption and detention, if for plaintiff.  *Bell* v. *Bartlett*, 7 N. H. 178.

If several replevin writs by several joint owners or co-partners are placed in the officer's hands at the same time, the delivery of the chattel to one is sufficient; one partner holds possession of partnership property as a trustee of his co-partners.  *Newman* v. *Bean*, 21 N. H. 93. Proof that property is in the plaintiff and another is not a direct denial of plaintiff's exclusive right to possession; it is at best but presumptive denial, and in a plea would be open to demurrer as argumentative or wanting certainty.  One partner may have, by right, exclusive possession.  A co-partner has no property in the specific chattels but a special or beneficial interest in the whole, and may sell the whole at one sale even.

Possession, right of possession, and right of property, are the elements of a clear title, yet any two of these elements may co-exist in the same person without the other, and proof of the co-existence of two elements is neither proof, nor disproof, nor denial, direct or indirect, of the existence or non-existence of the third element in the same person, and therefore on principle as well as on the authorities above cited, *cannot be pleaded in bar;* nor could defendant take the objection of nonjoinder by a plea in abatement under our statute.  Com. Stat. ch. 198, secs. 10–18; *Gove* v. *Lawrence*, 24 N. H. 128.

Under the adjudications of this State, the goods and chattels of a partnership, as against creditors of a co-partner in his individual capacity, are exempt from attachment.  Chap. 217, Rev. Stat. sec. 3, p. 520, provides that goods and chattels exempt from attachment, by law, may be replevied:

1.  By the owner of such chattels.

2.  By the person out of whose possession they have been taken.

Under this statute, possession, whether by right or wrong, of such chattels, is sufficient to sustain an action for their replevin.

NESMITH, J.  From the plea, and the other facts agreed to in this case, it appears that the defendant, as a deputy sheriff duly qualified, having a writ in his possession in favor of certain creditors against John A. Garvin, attached the staves in suit, as the property of said John alone, and that said officer took, and retained possession of the said staves, until they were reclaimed by the officer serving the writ of replevin in this suit; it being also an admitted fact, that said staves, at the time of the attachment, were the partnership property of the plaintiff and said John A. Garvin, and were then in their joint possession. It has been many times settled in this State, and must be regarded as the law at this time, "That a sheriff, upon a demand against *one partner* for his private debt, cannot seize the goods of the partnership, and exclude the other partners from the possession."  *Gibson* v. *Stevens*, 7 N. H. 352; *Morrison* v. *Blodgett*, 8 N. H. 238; *Newman* v. *Bean*, 21 N. H. 93; *Hill* v. *Wiggin*, 31 N. H. 292; *Treadwell* v. *Brown*, 43 N. H. 290; *Jarvis* v. *Brooks*, 23 N. H. 136; *Crockett* v. *Crane*, 33 N. H. 548.

In the aforesaid case of *Newman* v. *Bean*, it was held, "That the interest of a partner is not an interest in the specific articles held by the firm, but only an interest in the surplus, after the debts of the firm have been paid.    An action may be maintained against a third person, who seizes goods on execution belonging to a firm for the debt of an individual partner."    Joint creditors have the primary claim upon the joint fund in the distribution of assets of insolvent partners, and so far as the partnership property has been acquired by means of partnership debts, those debts have in equity a priority of claim to be discharged, and the separate creditors are only entitled in equity to seek payment from the surplus of the joint fund, after the satisfaction of the joint debtors.    The respective rights of partners and their creditors, and the manner of enforcing remedies against partnerships, and separate partners, and their attendant difficulties, are pretty thoroughly discussed in the preceding cases before quoted.    *Vide* also, *Matter of Peter S. Smith*, 16 Johnson 102, and note.

In *Taylor* v. *Fields*, 4 Vesey 369, Chief Baron McDonald, in delivering the opinion of the court, says, that an assignee, executor, or separate creditor coming in the right of one partner against the joint property comes into nothing more than an *interest* in the partnership, which cannot be tangible, or available, or be delivered, but under an account between the partnership and the partner.    And it is an item in the account, that enough must be left for the partnership debts.

In the case of *Treadwell* v. *Brown*, recently decided in this State, the court well remarks, that our statute law and one or more of our legal decisions have provided generally, that the interest of each partner may be attached, or seized and sold on execution, but that the *corpus* of the *partnership* property cannot be taken, and the other partner excluded from the possession.    Hence, the practical result of our decisions on this subject is to delay the creditors holding private claims against one of the partners.

We have in practice no adequate prompt compulsory power, binding the partners to close their partnership accounts within any reasonable time, so as to present or set apart the surplus fund for the satisfaction of the claims existing against the several partners in their private capacity.    Abuses of this kind are well known to exist, and legislative redress is called for now, as it has been heretofore.    In the mean time, in the present state of the law in this State, we think replevin will lie as the appropriate remedy for a party situated as the plaintiff is.    Section 2 of chapter 204, of the Revised Statutes, provides, that when any goods or chattels, attached on any writ of mesne process, are claimed by any other person, he may maintain replevin therefor.    If the verdict be found for the plaintiff, damages will be assessed for the caption and detention, and if for the defendant, they will be assessed for the value of the property, and not for the return of the specific property, as at common law. *Kendall* v. *Fitz*, 22 N. H. 1 ; *Messer* v. *Bailey*, 31 N. H. 9.

The reasoning of the court in *Hart* v. *Fitzgerald*, 2 Mass. 509, must be considered as modified by our statute and practice applicable to this action, more especially, as the chattels here paid for, are capable

in law of a severance in the assessment of damages. Again, this action can be maintained in its present form by one of the partners. In actions in form *ex delicto*, and which are not for the breach of a contract, if a party, who ought to join be omitted, the objection can only be taken by plea in abatement, or by way of apportionment of the damages on the trial; and the defendant cannot, as in actions in form *ex contractu*, give in evidence the *non-joinder* as the ground of non-suit on the plea of the general issue, or *demur*, or move in arrest of judgment, or support a writ of error, though it appear upon the face of the declaration, or other pleadings of the plaintiff, that there is another party, who ought to have joined; and if one of several part owners of a chattel sue alone for a tort, and the defendant do not plead in abatement, the other part owners may afterwards sue alone for the injury to their undivided shares, and the defendant cannot plead in abatement of such action. 1 Chitty's Pleadings p. 56, 4th Am. Ed.; Collyer on Partnership, sec. 671; *Gibson* v. *Stevens, ante; Newman* v. *Bean, ante.*

Whether, if defendant had intended to deny plaintiff's right to recover in this action, he should not as matter of substance have traversed plaintiff's exclusive right of ownership in the property sued for, and presented the issue in that form to plaintiff may be a question worthy of his consideration, and much light on this point may be derived from the able decision in *Rogers* v. *Arnold & others*, 12 Wendell 30. But even if another party should be joined with plaintiff—a matter not necessary as the pleadings stand—it would be in the discretion of the court to allow another plaintiff to be added. *Pitkin* v. *Roby*, 43 N. H. 138.

Under our view of the case, we think the demurrer to defendant's plea should be sustained, and the case must be, by agreement of parties, discharged.