## WILLIAM H. HACKETT *vs.* DANIEL POTTER.

Essex.   Feb. 23. — April 5, 1881.   ENDICOTT & FIELD, JJ., absent.

A part-owner of a vessel cannot maintain replevin for his undivided part, although he owns a major interest in the vessel.

REPLEVIN of seven eighths of a schooner, attached by the defendant, a deputy sheriff, as the property of Valentine Doane, Jr., upon a writ against him in favor of D. Crowell and another. Trial in the Superior Court, before *Gardner*, J., who directed a verdict for the plaintiff; and reported the case for the determination of this court. If the plaintiff was entitled to recover, judgment was to be entered on the verdict; otherwise, the verdict was to be set aside and judgment entered for the defendant, or a new trial ordered, as the court might determine.  The facts material to the point decided appear in the opinion.

*C. Sewall*, for the defendant.

*S. B. Ives, Jr.*, for the plaintiff.

SOULE, J.  This action cannot be maintained.  It appears from the declaration that the plaintiff does not claim property in the whole schooner, and that he has attempted to replevy only a fractional part of it.  It was decided in *Hart* v. *Fitzgerald*, 2 Mass. 509, that a part-owner of a chattel cannot maintain replevin for his undivided part, and that if it appear from his own showing that he is but part-owner, the court will abate the writ, *ex officio*.  The doctrine of that case has been reiterated in several later cases, and it has never been doubted nor overruled.  *Gardner* v. *Dutch*, 9 Mass. 427.  *Ladd* v. *Billings*, 15 Mass. 15.  *Kimball* v. *Thompson*, 4 Cush. 441.  *Webster* v. *Vandeventer*, 6 Gray, 428.

In the case at bar, it is not necessary to consider the question whether a part-owner of a chattel may maintain replevin for the whole chattel against a defendant who has no right to it, if the nonjoinder of the other owners is not pleaded.  That is quite a different question from the one here presented.  The decisive objection to the maintenance of the action is that it calls for the delivery of a fractional part of a chattel to the plaintiff, which delivery cannot be made without delivering to him the whole chattel, in which others have rights of ownership.

The command of the writ cannot be obeyed without assuming control of property other than that which is the subject matter of the suit, and the title to which cannot properly be put in issue and tried in the suit.

The case of *Hart* v. *Fitzgerald, ubi supra,* goes much farther than is necessary for the defendant here, and shows conclusively that this action cannot be maintained. According to the terms of the report, there must be        *Judgment for the defendant.*