## JAMES J. FAY *vs.* JOHN A. DUGGAN.

Suffolk.    Jan. 30. — June 22, 1883.    FIELD & W. ALLEN, JJ., absent.

Replevin will lie against an officer, who has attached partnership property on a writ against one partner.

If a case is submitted on agreed facts, all questions of pleading are waived, and the case is to be determined on its merits, upon the facts agreed, as if the questions relating to them were presented upon proper pleadings; and a matter which can be taken advantage of in pleading by plea in abatement only, is not open in a case so submitted, unless specially reserved.

In an action of replevin against an officer, who has attached partnership property on a writ against one of two partners, both partners should join; and the non-joinder of one may be pleaded in bar.

If an action of replevin brought by A. against C. is submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts, by which it appears that the property replevied belongs to A. and B. as copartners, the judgment should be affirmed, unless the plaintiff obtains leave to amend in the Superior Court by joining B. as a plaintiff.

REPLEVIN of certain personal property. The answer alleged that the defendant took the property as a constable of the city of Boston, by virtue of a writ issuing from the Municipal Court of Boston, against one William G. Thwaites, which writ was returned by him into court. The answer further alleged that, at the time of the taking, the plaintiff had no property in, or right of possession of, said property. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on the following agreed facts:

" The goods replevied were, at the time of the service of the plaintiff's writ, and at the time of the attachment hereinafter mentioned, the joint property of the plaintiff and William G. Thwaites, who were copartners under the style of Thwaites and Fay, being partnership property; and were held by the defendant, as a constable, by virtue of an attachment, in an action in the Municipal Court of Boston, in which judgment has since been entered against said Thwaites, which remains unsatisfied."

*N. B. Bryant*, for the plaintiff.

*J. D. Thomson*, for the defendant.

COLBURN, J. Upon the agreed facts, the defendant was a trespasser, and the owners of the property attached were entitled to recover it in an action of replevin against him. *Sanborn* v. *Royce*, 132 Mass. 594. Both partners should have joined in the action of replevin. *Hart* v. *Fitzgerald*, 2 Mass. 509. *Ladd* v. *Billings*, 15 Mass. 15. *Kimball* v. *Thompson*, 4 Cush. 441. *Hackett* v. *Potter*, 131 Mass. 50. The plaintiff objects that nonjoinder of Thwaites as plaintiff could only be availed of by plea in abatement.

By submitting the case upon agreed facts, the parties waived all questions of pleading, and the case is to be determined on its merits, upon the facts agreed, as if the questions relating to them had been presented upon proper pleadings, and matters which can be taken advantage of in pleading only by plea in abatement are not open in a case submitted on an agreed statement of facts, unless specially reserved. *Scudder* v. *Worster*, 11 Cush. 573. *Esty* v. *Currier*, 98 Mass. 500. *West Roxbury* v. *Minot*, 114 Mass. 546. *Smith* v. *Carney*, 127 Mass. 179.

There is some conflict of authority, but we are of opinion that, by the weight of authority, joint ownership of the plaintiff and

another in replevin may be pleaded in bar, and not necessarily in abatement. The question has not been expressly decided in this State, though the reasoning in *Hart* v. *Fitzgerald, ubi supra,* is in favor of the view we take; but the decision in that case, as the plaintiff brought his writ for only an undivided part of the property, did not necessarily settle the question.

In *Reinheimer* v. *Hemingway,* 35 Penn. St. 432, 438, Mr. Justice Strong says: "In *Hart* v. *Fitzgerald,* 2 Mass. 511, it was ruled that a part owner of a chattel cannot maintain replevin for his undivided part, and if it appear in the writ, the court will arrest the judgment. Part ownership in another is therefore pleadable in bar and not exclusively in abatement." "The plea of property imposes upon the plaintiff the necessity of establishing his title, and his right to the possession; and that right must, of necessity, be exclusive in order to warrant a delivery of the property to him."

In *Chambers* v. *Hunt,* 3 Harr. (N. J.) 339, the court say: "It is a good plea in abatement or in bar, to say, the property is in the plaintiff and the defendant; or in the plaintiff and a stranger; or if there be two or more plaintiffs, that it is in one of them."

"And so in a replevyn it is a good plea to say, that the property is to the plaintife and to a stranger; and where there be two plaintifes, that the property is to one of them." Co. Litt. 145 b. See Morris on Replevin, 125; Wells on Replevin, § 160; *Wilson* v. *Gray,* 8 Watts, 25.

In *Garvin* v. *Paul,* 47 N. H. 158, and *Wright* v. *Bennett,* 3 Barb. 451, the questions decided appear to have depended upon peculiar statutory provisions.

As the case now stands, judgment must be entered for the defendant, but if the plaintiff elects to amend, by joining Thwaites as co-plaintiff, he may do so, upon such terms as the Superior Court may impose; and, if such amendment is made, judgment is to be entered for the plaintiffs.

<div align="right">

*Ordered accordingly.*