JAMES GRAY & another *vs.* F. I. TOBIN.

Middlesex. March 24, 1925. — April 23, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Pleading, Civil,* Declaration: allegation of damage. *Damages,* In tort. *Trespass.*

At the trial of an action of tort where the declaration contained allegations merely that the defendant "broke and entered the [plaintiff's] close" and carted away one hundred loads of loam and sand and gravel and undermined the soil of the plaintiff's property, and drove heavy teams across his lawn, and deposited large quantities of stone thereon, all to

his great damage, it is not proper for the judge, against an objection by the defendant, to admit evidence of injuries to a house standing on the premises, such damages being of a special nature, not a necessary consequence of the acts alleged in the declaration, and it being necessary to allege special damages in the declaration if they are to be recovered. The mere fact, that at the trial above described the defendant asked for and the judge gave the following ruling: "The damage in this case, if any, is the difference between the fair market value of the property before and after the trespass," did not cure the error in the admission of the evidence excepted to.

TORT for trespass *quaere clausum fregit* with the declaration described in the opinion. Writ dated February 11, 1919.

In the Superior Court, the action was tried before *Lawton, J.* Material evidence and exceptions by the defendant are described in the opinion. At the close of the evidence, the judge, at the request of the defendant, gave the following ruling: "The damage in this case, if any, is the difference between the fair market value of the property before and after the trespass"; and also instructed the jury to the effect that in the estimation of damages for the alleged trespasses they could take into consideration the evidence to which the defendant took exception as described in the opinion.

There was a verdict for the plaintiff in the sum of $2,500. The defendant alleged exceptions.

*E. Greenhood,* for the defendant.

*G. H. Mellen,* (*W. R. Bigelow* with him,) for the plaintiffs.

CARROLL, J. In the first count of the plaintiffs' declaration it is alleged that the defendant "broke and entered the [plaintiffs'] close" and carted away one hundred loads of loam and sand and gravel, and undermined the soil of the plaintiffs' property. In the second count it is alleged that the defendant "broke and entered the plaintiffs' close" and drove heavy teams across their lawn, and deposited large quantities of stone thereon, all to their great damage.

At the trial, against the exception of the defendant, the plaintiffs introduced evidence that the inside of the house standing on the plaintiffs' land had "settled on the rear"; that the walls and ceilings were cracked; that the house "appears to be so strained that the roof is leaking quite

badly"; that the foundations are cracked; that the steam pipes had sagged, the cellar wall and the cement floor were cracked. The jury returned a verdict for the plaintiffs in the sum of $2,500.

There was no allegation in the plaintiffs' declaration that a house stood on the premises, or that any damage resulted to it by reason of the trespass of the defendant. In *Sampson* v. *Coy*, 15 Mass. 493, it was said at page 494, " . . . the defendant cannot be supposed to come prepared to defend against any cause of action of which he has no notice in the declaration." Damages which naturally or necessarily result from a trespass may be recovered under a general allegation of damage; but where special or peculiar damages are caused, they must be specially set out. G. L. c. 231, § 7, cl. 2. Damage to the plaintiffs' house was not a necessary consequence of the acts alleged, nor did such injury naturally flow from these acts. The defendant had no notice from the declaration that any injury was done to the house, or that the plaintiffs relied on such contention. The statement in the declaration that the soil was undermined, did not bring to the defendant's attention the special and peculiar injury to the house. See *Brown* v. *Cummings*, 7 Allen, 507. In *Antokol* v. *Barber*, 248 Mass. 393, 394, under an allegation in the declaration that the defendants negligently ran into a stationary automobile of the plaintiff, and "greatly damaged it," the plaintiff was allowed to recover damages for the loss of the automobile while it was being repaired. It was held that an allegation of great damage to an automobile, implies not only the expense of repair, but the loss of use while repairs are being made; that the loss of use during this period is as much a natural and necessary consequence of the wrongful act of the defendant, stated in the declaration, as is the cost of repair. The injury to the plaintiffs' house is not to be inferred from the defendant's trespass, and such injury is not a natural or necessary consequence of the unlawful entry, of carting away the earth, undermining the soil, and of the other acts mentioned.

If the plaintiffs relied on the injury to the house as an item of damage, they should have alleged it. *Sampson* v. *Coy,*

*supra.* The error in admitting the evidence was not cured by the defendant's requests for rulings. We find nothing in the cases relied on by the plaintiffs in conflict with this decision. If an amendment is allowed, the plaintiffs can recover for the special damages relied on, if the jury is satisfied that they resulted from the defendant's tortious acts; but under the present declaration the evidence excepted to was not admissible. It follows that the entry must be

*Exceptions sustained.*