MURRAY I. GORDON & others *vs.* CITY OF MEDFORD.

Middlesex.   January 4, 1954. — February 1, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILLIAMS, & COUNIHAN, JJ.

*Municipal Corporations*, Liability for tort, Waterworks. *Negligence,* Water pipe. *Practice, Civil,* Pre-trial procedure; Auditor: objections to report; Parties. *Partnership,* Partnership property. *Damages,* For tort. *Witness,* Refreshment of recollection. *Evidence,* Refreshment of witness's recollection. *Limitations, Statute of.*

A finding of negligence of a city in operating its water system was warranted by evidence that a large quantity of rust in water supplied to a commercial laundry from a cast iron main in a street damaged the laundry property and operations on various occasions during a six year period when representatives of the city cleaned sewers in side streets near the laundry by flushing them with water from pipes connected with the main and the increased velocity and force of the flow of water in the main due thereto caused rust settled at its bottom

---

to become agitated and be carried along into the laundry, and that the representatives of the city continued to use that method of cleaning the sewers during such period notwithstanding their knowledge of damage thereby caused to the laundry. [121–123]

A municipality is liable for negligence in its operation of a commercial water system. [123]

A mere statement in a pre-trial report that "the plaintiffs were partners doing business as" a laundry could not properly be construed as an admission by the defendant that certain claims alleged in the plaintiffs' declaration which had accrued to one of the plaintiffs individually before the formation of the partnership were owned by the firm. [123]

Objections duly appended to the report of an auditor whose findings are final have no standing except as the foundation of a motion to recommit the report to the auditor. [124]

At the trial of an action against a city operating a water system for negligence in supplying water containing a large quantity of rust to the plaintiff's laundry, there was on the record no error in excluding evidence that the plaintiff paid a certain amount to install copper piping in the laundry. [124]

At the trial of an action by partners for damage to partnership business, the managing partner was properly permitted to refresh his recollection as to items of damage from a paper which had been prepared by another partner. [124]

An action of tort against a city for injury to property is not governed by the two year statute of limitations in G. L. (Ter. Ed.) c. 260, § 4, as amended by St. 1943, c. 409, § 4. [124]

An action of tort for injury to partnership property brought by all the partners was properly continued by the surviving partners after the death of one of them. [124]

CONTRACT OR TORT. Writ in the Superior Court dated January 31, 1948.

Alexander Gordon, one of the original plaintiffs, died in June, 1949.

The action was heard by *Forte*, J., upon the report of an auditor.

*Vincent J. Celia*, Assistant City Solicitor, (*Mark E. Gallagher, Jr.*, City Solicitor, with him,) for the defendant.

*Meyer H. Goldman*, (*Daniel S. Fram & Robert J. Blumsack* with him,) for the plaintiffs.

RONAN, J. This is an action of contract or tort brought by a partnership owning and conducting a laundry business in the city of Medford to recover damages resulting from supplying them with water which, through the alleged negligence of the defendant, contained large quantities of

rust.   The action was heard upon the report of an auditor
whose findings were final.   The auditor found for the plain-
tiffs upon the first count of the declaration which based a
cause of action upon negligence.   The judge overruled ob-
jections of both parties to the report, denied their motions
for judgment upon the report, confirmed the report as
modified by reducing the amount of damages found by the
auditor, and ordered judgment for the plaintiffs for the
reduced amount.   The case is here upon the appeal of
the defendant and the appeal and exceptions of the plain-
tiffs.

The original plaintiff Alexander Gordon in 1932 became
the proprietor of a family laundry business which he con-
ducted in a building located on the northerly side of Bow
Street in the defendant city.   In 1944 he entered into a
partnership with his three sons, the remaining plaintiffs,
and the business was continued by the firm until it was suc-
ceeded in 1949 by a corporation.

The laundry used about twenty thousand gallons of water
a day which was supplied from an eight inch main in Bow
Street.   Three dead end public ways run upgrade from the
southerly side of Bow Street.   A six inch water main has
been laid in each of these public ways.   The junction of
each street with Bow Street is but a short distance from the
laundry.   Each of these mains is connected with the eight
inch main in Bow Street.   There is a sewer in each of these
streets.   At the end of each of these sewers farther from
Bow Street is located a manhole.   For the purpose of flush-
ing each of these sewers a one inch pipe has been installed
from the water main to the sewer manhole.

All the water mains in Medford are of cast iron and so
are almost all of the mains of the metropolitan district com-
mission from which the city secures its supply of water.
Rust invariably forms in cast iron pipes which have been in
use for any considerable length of time and settles at the
bottom of the pipes forming "carbuncles of rust."   There
the rust remains unless disturbed by any unusual increase
in the velocity of the flow of the water.   When that occurs,

the carrying power of the water is increased and the deposits of rust are carried along with the water. The care and supervision of the sewer and water systems in Medford are entrusted to a commission. Representatives of the commission, for some years prior to 1941 and including a part of 1947, periodically once or twice a year flushed the sewers in these side streets by allowing the water to flow from the water main through a one inch pipe into the sewer manhole. The escape of the water so increased the flow in the Bow Street main that the rust in this main was agitated, became mixed with the water, and was carried along with the water which was supplied to the laundry. The introduction of rusty water necessitated the closing down of laundry operations, the cleaning out of a large storage tank, the boiler and the machinery, and the rewashing of clothes which had been soiled by the rust. The operations could not be resumed until the water was running clear, the tank filled, and the water heated. Water made rusty by the flushing of the sewers in these three streets was found by the auditor to have been supplied to the laundry in July, 1941, May, 1942, September, 1942, August, 1943, June, 1944, April, 1945, November, 1946, May, 1947, and August, 1947. He also found the damages sustained on each occasion. He disallowed the 1941 item as barred by the statute of limitations which was set up by the defendant. He allowed all the other items which totaled $2,011.33.

The defendant's agents and servants, notwithstanding the knowledge acquired in 1941 and on the various dates already mentioned that the property of the laundry was damaged by diverting the water in sufficient quantity in flushing the sewers so as to make rusty the water supplied to the laundry, continued this method of cleaning the sewers until subsequent to August, 1947. The auditor concluded that the defendant was negligent, that such negligence caused the damage of which the plaintiffs complain, and that the latter were not contributorily negligent. We do not agree with the defendant whose only argument on this branch of the case is that there is nothing in the record to

support the plaintiffs' claim that there was negligence in the operation of the water mains.

A municipality in the construction, maintenance, and operation of its water system for the distribution and sale of water is not performing a governmental function but is engaged in conducting a private business and so is subject to the same obligation of exercising due care that the law imposes upon a private corporation similarly engaged. The principle has recently been discussed with a full citation of cases in *Harvard Furniture Co. Inc.* v. *Cambridge,* 320 Mass. 227, and *Cole Drug Co. of Massachusetts* v. *Boston,* 326 Mass. 199.

The auditor rejected the defendant's contention that the partnership could not recover for claims arising before its formation in 1944 as such claims were owned by Alexander Gordon individually and as there was no evidence that he assigned them to the firm. The auditor considered the question as settled by the pre-trial report [1] and allowed these claims to the partnership. The judge evidently regarded the issue as not covered by the pre-trial report, ruled that the partnership was not entitled to recover for these claims, and ordered judgment for the plaintiffs in the amount of $1,293.04 with interest thereon from the date of filing the report to the date of judgment. We think the judge was right. The statement in the pre-trial report so far as now appears merely conceded that the plaintiffs were partners. It did not touch the ownership of all or any of the claims alleged in the declaration. The pre-trial report went no farther than an admission that the plaintiffs were a partnership, and it could not properly be extended to include all these claims as assets of the firm.

Each party filed objections to the auditor's report, a

---

[1] The pre-trial report so far as material stated that "the plaintiffs were partners doing business as the Gordon Laundry; that they are now a corporation and they were tenants in occupancy of the premises at 80 Bow Street, Medford." Perhaps it should be noted that the auditor found that the corporation was organized in 1949 and that the property of the partnership had been assigned to it, but the parties agreed that no action would be brought by it for any claims set forth in the auditor's report. We take this to mean that the defendant, if found liable, did not care whether it paid the firm or the corporation provided it was protected from paying twice.

motion to sustain its own objections, a motion to overrule the objections of the adverse party, and a motion for judgment on the auditor's report. The objections were based either upon the alleged failure of the auditor to make additional findings of fact or upon some of his findings. The purpose of objections is to lay the foundation for a motion to recommit but no such motion was filed. The findings of the auditor appear to be warranted by the summaries of evidence attached to the report. It was the duty of the judge to order the correct judgment on the report. There was no error in denying the motions for judgment. *Howland* v. *Stowe*, 290 Mass. 142, 146. *Old Mill Point Club, Inc.* v. *Paine*, 308 Mass. 505, 506. *Union Old Lowell National Bank* v. *Paine*, 318 Mass. 313, 315. *Louis H. Salvage Shoe Co.* v. *Keith*, 330 Mass. 91.

There was no error in excluding evidence that the plaintiffs paid $500 to install copper piping in the laundry. For one reason, apart from others, this expense was not a natural or necessary damage arising from the wrong committed by the defendant and was not included in the damages alleged in the declaration. *Gray* v. *Tobin*, 252 Mass. 238. One of the plaintiffs, the manager of the laundry at the times that damage was sustained, was properly permitted to refresh his memory as to the items of damage from a paper which had been prepared by another plaintiff. *Guiffre* v. *Carapezza*, 298 Mass. 458. This action for damage to property is not barred by the two year statute of limitations. G. L. (Ter. Ed.) c. 260, § 4, as amended by St. 1943, c. 409, § 4. We have considered all questions argued by the parties but perceive no error in respect to them.

The action was properly brought in the name of all the partners, *Patten* v. *Gurney*, 17 Mass. 182, *Hackett* v. *Potter*, 131 Mass. 50, *Fay* v. *Duggan*, 135 Mass. 242, *Shapira* v. *Budish*, 275 Mass. 120, 126; and the death of Alexander Gordon in 1949 after the action was commenced did not abate the action which was properly continued by the surviving partners. See *Berwin* v. *Levenson*, 311 Mass. 239, 240–241. G. L. (Ter. Ed.) c. 228, § 7.

The exceptions of the plaintiffs are overruled. All appeals of both parties are dismissed except that of the defendant to the order for judgment and on that appeal the order for judgment is affirmed.

*So ordered.*